669 P.2d 1011

**STATE of Arizona, Appellee,**

v.

**Michael Allen HUNTER, Appellant.**

**No. 1 CA–CR 5924.**

Court of Appeals of Arizona, Division 1, Department B.

June 7, 1983.

Rehearing Denied July 27, 1983.

Review Denied Sept. 15, 1983.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div., Greg A. McCarthy, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by James R. Rummage, Deputy Public Defender, Phoenix, for appellant.

## OPINION

FROEB, Presiding Judge.

Appellant Michael Allen Hunter appeals from his conviction of one count of armed robbery, a dangerous nature offense, with a prior dangerous nature conviction,[1] and sentence of 15.75 years. He raises two issues: (1) whether the trial court violated rule 609, Rules of Evidence, in determining to admit evidence of his prior felony conviction and, if so, whether the trial court abused its discretion in admitting evidence of his prior felony conviction; and (2) whether appellant's prior conviction was properly proven for purposes of enhancement of sentence pursuant to A.R.S. § 13–604(G). We affirm the conviction but remand for resentencing.

Briefly stated, the evidence introduced at trial established that on the afternoon of August 24, 1980, while appellant was test-driving a vehicle for sale from Edward Oldsmobile, he threatened the car salesman with a knife-like object, and absconded with the vehicle and the salesman's billfold. The vehicle was discovered at a Phoenix motel

---

1. In violation of A.R.S. §§ 13–1901, –1902, –1904, –701, –702, –801 and –604.

the following day. Appellant had used the salesman's credit card to check into the motel. When appellant was apprehended and searched, his wallet contained credit cards belonging to the salesman, keys to the stolen vehicle, and a driver's license in appellant's name. The room where appellant told police he was living was searched pursuant to a search warrant. That search netted three credit card receipts with the name of the salesman on it, and a key tag which was used by Edward Oldsmobile for the key to the stolen vehicle. The car salesman identified appellant's photograph in a photographic lineup.

At trial, appellant testified, asserting that the car salesman had told him he could keep the car overnight, and gave appellant his credit card for purposes of "having a night on the town". He admitted making purchases with the salesman's credit cards, but implied they were pursuant to the salesman's offer to keep the car for a night to see how he liked it. Appellant claimed that the salesman made up the story about the armed robbery to "cover himself" for letting appellant leave in the car without having first obtained appellant's address.

Prior to trial, the State filed an allegation of prior and/or repetitive convictions pursuant to *State v. Hannah,* 126 Ariz. 575, 617 P.2d 527 (1980), alleging "any convictions which arise from counts 1, 2 or 3 in CR 119068 . . . as prior convictions for sentencing purposes on CR 114860." On November 25, 1981, appellant was convicted of count 2, first degree murder, and count 3, unlawful use of means of transportation in cause number CR 119068. In the present case, appellant denied the allegation of a prior conviction, and objected to the use of the prior felony for impeachment purposes pursuant to rule 609, Rules of Evidence, on the ground that its prejudicial effect outweighed its probative value. At a rule 609 hearing held prior to trial, the court ruled that the prosecutor could ask appellant whether he had a previous felony conviction and the date of that conviction, but could not inquire of appellant the nature of the prior murder conviction. The trial court specifically stated to appellant:

[I]f you testify, the State can ask you if you were convicted last month or whatever the date was in case number 119068 of a felony conviction. They will not be able to ask you and you do not have to answer that it was in fact for murder, that you were convicted.

However, if you deny that you were convicted of a felony conviction, then the State will be able to later on, and this only would take place if you testify, the State would later be able to bring out whatever records they may have to prove that you in fact were convicted of a felony offense in case number 119068 on whatever the particular date was.

Appellant testified at trial and, following his direct examination, the trial court held a conference in chambers wherein the court modified its ruling regarding impeachment with appellant's murder prior, stating that if appellant did not admit the prior in chambers, the State could go into the fact that it was a murder prior in the jury's presence. The trial court stated:

I will explain to you, Mr. Babbitt, [defense counsel] I think the fact that it's a murder conviction might be unduly prejudicial to the jury in determining your client's guilt or innocence for the charge of armed robbery, but I do not feel that and I do not intend to put the State to the requirement of a subsequent trial on the fact that it is a murder conviction for their enhancement purposes, if, in fact, they are able to convict him for robbery at this time.

Appellant objected to the procedure, but ultimately admitted to the trial court in chambers that he had been previously convicted of murder. A certified copy of the prior conviction was admitted into evidence. Following this hearing, appellant resumed the witness stand, and on cross-examination was impeached by the prosecutor as follows:

Q. You had been convicted on the 25th of November of a felony, haven't you?

A. I was, sir.

## ADMISSIBILITY OF PRIOR CONVICTION

■ The first issue is whether the trial court abused its discretion in allowing the State to impeach appellant with the fact of his prior conviction. Appellant contends the trial court only minimally complied with rule 609(a) and that the trial court never made an actual finding that the probative value of the prior conviction outweighed its prejudicial effect. He contends that the prior conviction for murder, which does not involve dishonesty or false statement, has considerably less probative value as to credibility than other felony convictions. Finally, he contends that the prejudicial effect of the admission of a prior was compounded by the action of the trial court in allowing impeachment with the fact of the prior felony conviction, but not its nature. He contends that this procedure left the jury free to speculate as to the nature of the prior conviction.

Rule 609(a) provides:

For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record, if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect, and if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted or (2) involved dishonest or false statement, regardless of the punishment.

In determining whether to admit evidence of a prior conviction pursuant to rule 609, the trial court must balance the probative value against the prejudicial effect of admission of the evidence of the prior conviction. The preferred practice is for the trial court to " 'make an on-the-record finding based on specific facts and circumstances that the probative value of the evidence substantially outweighs the danger of unfair prejudice.' " *State v. Ellerson,* 125 Ariz. 249, 252, 609 P.2d 64, 67 (1980), quoting *United States v. Mahler,* 579 F.2d 730, 734 (2nd Cir.1978). The failure to make such findings, however, does not require reversal. *State v. Ellerson.* Where it is clear from the record that the trial court balanced the probative value and the prejudicial effect of the admission of a prior conviction, the decision of the trial court will be reviewed only for an abuse of discretion. *Id.*

■ A reading of the transcript in this case shows that the trial court properly considered the matters required by rule 609(a) and did not abuse its discretion in determining to admit evidence of the prior conviction. Appellant specifically argued that the prejudicial effect of admission of the prior conviction outweighed its probative value. The trial court's determination to preclude the State from proving the nature of the prior conviction demonstrates that the court considered the probative value and the prejudicial effect. Certainly, it is well established in Arizona that any prior felony conviction has probative value on the issue of a defendant's credibility. *State v. Aguirre,* 130 Ariz. 54, 633 P.2d 1047 (App. 1981).

■ Finally, appellant's argument that the jury may have ascribed to appellant a prior felony conviction more prejudicial than one of murder is speculative at best. In *State v. Watkins,* 133 Ariz. 1, 648 P.2d 116 (1982), the supreme court found that the trial court did not err in permitting a defendant to be impeached with mention of his prior felony conviction where the trial court precluded the state from inquiring into the nature of the prior conviction. Without specifically discussing the propriety of not introducing evidence of the nature of the prior conviction, the supreme court found no abuse of discretion in admission of the fact of a prior conviction. We likewise find no error in the present case.

## ENHANCEMENT PURSUANT TO A.R.S. § 13–604

■ For his second issue on appeal, appellant argues that his prior conviction was not properly established for enhancement purposes pursuant to A.R.S. § 13–604(K). He contends that his admission on the stand

was not sufficient to admit the nature of the prior. He further contends that his admission in chambers was coerced, and was not made in compliance with rule 17, Rules of Criminal Procedure. Therefore, he argues, his sentence was illegal in that the State did not properly establish that he had a prior conviction.

A.R.S. § 13–604(K) provides:

The penalties prescribed by this section shall be substituted for the penalties otherwise authorized by law if the previous conviction, the dangerous nature of the felony, or the allegation that the defendant committed a felony while released on bond or on his own recognizance as provided in subsection M of this section is charged in the indictment or information and admitted or found by the trier of fact. . . .

Thus, before a sentence may be enhanced pursuant to A.R.S. § 13–604 by a prior conviction, the prior conviction must either be admitted by the defendant or found to be true by the trier of fact. As for admissions, rule 17.6, Rules of Criminal Procedure, provides:

Whenever a prior conviction is charged, an admission thereto by the defendant shall be accepted only under the procedures of this rule, unless admitted by the defendant while testifying on the stand.

■ Thus an admission for purposes of A.R.S. § 13–604(K) may occur either in accordance with the provisions of rule 17 or during the defendant's testimony. Appellee argues, based on *State v. McMurry,* 20 Ariz.App. 415, 513 P.2d 953 (1973), that appellant's admission on the witness stand of the fact of a prior felony conviction and the date of the conviction coupled with the introduction into evidence of the minute entry establishing his prior conviction, was sufficient proof of the prior. We agree. In *State v. McMurry,* this court held that where a defendant admitted on cross-examination that he had a previous felony conviction, and the date of the conviction, the testimony was sufficient to impose an increased sentence under former A.R.S. § 13–1649. In the present case, appellant admit-

ted on cross-examination that he had been convicted of a felony on November 25, 1981. Under *State v. McMurry,* that admission is inherently reliable. We therefore find that appellant's admission in this case was sufficient to establish that he did have a prior conviction for purposes of A.R.S. § 13–604(K).

The inquiry, however, does not end here. Appellant in this case was sentenced in accordance with the provisions of A.R.S. § 13–604(G) which provides in part:

\*  \*  \*  \*  \*  \*

Upon a second conviction of a class 2 or 3 felony involving use or exhibition of a deadly weapon or dangerous instrument or upon conviction of a class 2 or 3 felony when the intentional or knowing infliction of serious physical injury upon another has occurred, the defendant shall be sentenced to imprisonment for twice the sentence and not more than three times the sentence authorized in § 13–701 for the offense for which the person currently stands convicted, and shall not be eligible for suspension or commutation of sentence, probation, pardon or parole, work furlow or release from confinement on any other basis except as specifically authorized by § 31–233, subsection A or B until not less than two-thirds of the sentence imposed by the court has been served. . . .

Thus, appellant was sentenced for having not simply a prior conviction which he admitted, but rather, for having a prior conviction for a dangerous nature felony. Since appellant's in-chambers admission to the murder conviction was not made in accordance with rule 17.6, Rules of Criminal Procedure, it cannot be considered voluntary.

The question, therefore, becomes whether the evidence was sufficient, absent appellant's involuntary admission of the prior conviction for murder, to establish that appellant had a prior conviction for a dangerous nature offense. We find that the evidence was sufficient.

At the hearing in-chambers during which appellant admitted the prior conviction for murder, the State introduced into evidence, without objection from appellant, the judgment in Maricopa County Superior Court cause number CR 119068, dated November 25, 1981, finding appellant guilty of count 2, murder, first degree, a class 1 felony, dangerous, and count 3, unlawful use of means of transportation, a non-dangerous class 6 felony committed on April 12, 1981. The judgment indicates that as to count 2, appellant was sentenced for a period of life without possibility of parole for twenty-five calendar years, and was sentenced for a period of 1.875 years on count 3, the sentence to run consecutive to the sentence on count 2. The judgment thus clearly establishes a prior conviction for murder as a dangerous nature felony.

■ Further, we believe that the determination of the dangerousness of the prior conviction for purposes of A.R.S. § 13–604(G) is a question of law, not of fact, and was therefore properly addressed to the trial court. The finding of dangerousness of a prior conviction pursuant to A.R.S. § 13–604(G) is analogous to the determination which must be made pursuant to A.R.S. § 13–604(I) of whether an out-of-state conviction would constitute a conviction of a felony or a misdemeanor if committed within this state. In making the determination, the trial court could take judicial notice of its own records, in this case, the judgment of the appellant's conviction for murder, a dangerous nature offense.

■ There is yet a remaining question concerning enhancement of the sentence with the prior conviction. The State, with candor, directs our attention to the fact that A.R.S. § 13–604(G) provides for enhanced punishment upon a second conviction of a class 2 or 3 dangerous nature felony, but not for enhanced punishment upon a conviction of a class 2 or 3 dangerous nature felony with a prior conviction for a class 1 dangerous nature felony. Ap-

pellant contends that nowhere in A.R.S. § 13–604 is there any discussion of the effect of a class 1 prior felony conviction upon a subsequent conviction for a class 2 dangerous felony, and that A.R.S. § 13–604(G) must therefore be construed to exclude class 1 felony prior convictions. Appellant contends that if the exclusion constituted an oversight by the legislature, the legislature must correct the oversight. We agree.

It is clear that A.R.S. § 13–604(G) speaks only in terms of class 2 or 3 dangerous nature prior convictions, and does not provide for enhancement for a prior conviction of a class 1 felony upon a subsequent conviction of a class 2 or 3 dangerous nature felony. It appears that the omission of enhancement by virtue of a prior conviction for a class 1 dangerous nature felony is a legislative oversight, in that the clear intent of the legislature in enacting A.R.S. § 13–604(G) was to more severely punish persons who repetitively commit dangerous nature felonies. However, we note that all the remaining provisions of A.R.S. § 13–604 provide for enhancement for a prior conviction for "any felony". For example, A.R.S. § 13–604(F), which deals with a felon who stands convicted of a class 4, 5, or 6 dangerous nature felony provides that such person's sentence may be enhanced by *any* prior dangerous nature felony, regardless of its classification. Likewise, A.R.S. § 13–604(A), (B), (C) and (D) permit enhanced punishment by convictions of any felony, regardless of their classification as serious or regardless of the classification of a prior conviction as dangerous or non-dangerous. *See State v. Armendariz,* 127 Ariz. 422, 621 P.2d 928 (App.1980).

The express language of A.R.S. § 13–604(G), particularly when read in conjunction with the remaining provisions of A.R.S. § 13–604, is to allow enhancement for prior convictions of only class 2 or 3 dangerous nature felonies, and not class 1 dangerous nature felonies (if committed after October 1, 1978).[2] It is not within this court's au-

2. The legislature amended A.R.S. § 13–604(G), effective April 23, 1980, to include for enhancement purposes any felony committed prior to October 1, 1978, which, if committed after October 1, 1978, would be a dangerous felony. We note in so doing that the legislature had

thority to amend A.R.S. § 13–604(G) to provide for enhanced punishment for a prior conviction which the legislature specifically did not include in the provisions of A.R.S. § 13–604(G). If the exclusion was an oversight by the legislature, it is the legislature's place to correct it, and not the court's. We conclude that appellant was improperly sentenced pursuant to A.R.S. § 13–604(G) because that statute does not provide for enhancement of sentence for a prior conviction of a class 1 felony.

Accordingly, the conviction is affirmed and the case is remanded for resentencing.

GRANT and GREER, JJ., concur.

before it the question of whether a murder committed prior to October 1, 1978, was usable for enhancement purposes, because, under the former A.R.S. § 13–604(G) the only prior convictions for offenses occurring before October 1, 1978, which could be used to enhance were those which carried a life sentence. Yet, when the legislature amended A.R.S. § 13–604(G) to provide for enhancement with any dangerous felony committed prior to October 1, 1978, the legislature still did not amend the remaining language of A.R.S. § 13–604(G) to provide for enhancement with a prior conviction of a class 1 felony.