689 P.2d 570

**STATE of Arizona, Appellee,**

v.

**Curtis Lee ENNIS, Appellant.**

**No. 1 CA–CR 6982.**

Court of Appeals of Arizona, Division 1, Department A.

Oct. 2, 1984.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Criminal Div., Georgia B. Ellexson, Asst. Atty. Gen., Phoenix, for appellee.

Claude D. Keller, Kingman, for appellant.

## OPINION

BROOKS, Presiding Judge.

Two issues are raised in this appeal following appellant's conviction and sentence

for first degree burglary and attempted armed robbery.

1. Whether the trial court erred in failing to instruct the jury on criminal trespass as a lesser included offense of burglary.

2. Whether the trial court erred in admitting appellant's two prior felony convictions for impeachment purposes.

## FACTS

Appellant was charged on October 21, 1982, in a two count indictment with burglary in the first degree, a Class 2 dangerous felony, and attempted armed robbery, a Class 3 felony. Two prior felony convictions were thereafter alleged: (1) that on March 16, 1973, appellant was adjudged guilty of murder in the second degree; (2) that on March 19, 1969, appellant was adjudged guilty of assault with a deadly weapon.

The two victims testified that appellant and a co-defendant (Cleveland) entered the victims' motel room in Kingman, Arizona, through an unlocked sliding glass door. While Cleveland pointed a sawed off shotgun at the victims, appellant demanded the victims' money and their car. The victims stated that they had neither and suggested that appellant and Cleveland "might as well leave since they could not get anything." The two then left the motel room stating that "it had all been just a joke." The victims then contacted the police and appellant and Cleveland were arrested at a restaurant across the street from the motel. A sawed off shotgun was retrieved from the trash can in the restaurant restroom.

Appellant testified that he and Cleveland were passing through Kingman on their way to a job in New Mexico when their automobile broke down outside of the motel. While appellant sat outside of the motel drinking wine, Cleveland wandered off and appellant later found him in the motel room sitting on a bed with the victims. Appellant testified that he heard someone mention a robbery and entered the room to make certain that Cleveland was not committing a crime. He stated that he told the victims that a robbery was *not* taking place whereupon he and Cleveland left the room and went across the street to the restaurant where they were later taken into custody by the police. Appellant testified that he never saw a gun in Cleveland's possession.

Appellant was convicted on both counts and admitted the prior convictions. Upon a finding of aggravating circumstances and a finding that the prior convictions were dangerous offenses, the trial court sentenced appellant to an aggravated term of thirty-five years imprisonment on the burglary count and an aggravated term of twenty-five years imprisonment for attempted armed robbery. The terms were directed to run concurrently and appellant was given appropriate credit for presentence incarceration.

## LESSER–INCLUDED OFFENSE

Appellant first contends that the trial court committed reversible error by refusing to instruct the jury concerning the crime of trespass which appellant argues is a lesser-included offense of burglary.

Appellant was charged with committing burglary in the first degree under A.R.S. §§ 13–1508 and 13–1507, which provide in pertinent part:

§ 13–1508. Burglary in the First Degree; Classification

A. A person commits burglary in the first degree if such person or an accomplice violates the provisions of either § 13–1506 or 13–1507 and is armed with explosives, a deadly weapon or a dangerous instrument in the course of committing any theft or any felony.

§ 13–1507. Burglary in the Second Degree; Classification

A. A person commits burglary in the second degree by entering or remaining unlawfully in or on a residential structure with the intent to commit any theft or any felony therein.

A.R.S. § 13–1504, Criminal Trespass in the First Degree, reads in pertinent part:

A. A person commits criminal trespass in the first degree by knowingly:

1. Entering or remaining unlawfully in or on a residential structure or in a fenced residential yard.

The instruction on criminal trespass would have been proper if criminal trespass in the first degree were considered a lesser-included offense of burglary in the first degree and if the evidence would have rationally supported a jury conclusion that the state had failed to prove an element of the greater offense. *State v. Gooch*, 139 Ariz. 365, 678 P.2d 946 (1984); *State v. Malloy*, 131 Ariz. 125, 639 P.2d 315 (1981); *State v. Harris*, 134 Ariz. 287, 655 P.2d 1339 (App.1982).

■ The court in *State v. Gooch, supra,* discussed the procedure to be followed in determining whether or not an instruction should be given on a lesser-included offense. The first step is to determine whether an offense is a lesser-included offense. The court may consider two bases: (1) if the included offense, by its very nature, is always a constituent part of the major offense charged; or (2) if the terms of the charging document describe the lesser offense even though the lesser offense does not always make up a constituent part of the major offense charged. In other words, a court may inquire as to whether the greater offense, as described by a statute or as charged, can be committed without necessarily committing the lesser offense. Once the determination is made that the offense is a lesser-included offense, the court must then consider whether the evidence supports the requested instruction.

■ Our supreme court held in *State v. Malloy*, 131 Ariz. 125, 639 P.2d 315 (1981), that criminal trespass is not necessarily a lesser-included offense of burglary. The question thus becomes whether the terms of the charging document in the instant case described the lesser offense of criminal trespass. Count I of the indictment charges appellant as follows:

Count I: Burglary in the First Degree, Class 2 Felony

On or about the 15th day of October, 1982, in the vicinity of Pony Soldier Motel, 2939 East Andy Devine, Kingman, Mohave County, Arizona, said defendants, HARRY LEE CLEVELAND and CURTIS LEE ENNIS, unlawfully entered a residential structure with the intent to commit theft and/or robbery therein, and each such defendant or an accomplice was armed with a deadly weapon in the course of committing the theft and/or robbery, a Class 2 dangerous felony, in violation of A.R.S. §§ 13–1508, 13–1507, 13–701, 13–801 and 13–604(G), (K).

The description of the burglary charge in the indictment does not describe the lesser offense of criminal trespass, first degree, in that it does not specifically include the element of knowingly entering or remaining unlawfully. Because neither of the bases for determining that trespass is a lesser-included offense is met in this case, it is not necessary to make the second determination, whether the evidence would have rationally supported a jury conclusion that the state had failed to prove an element of the greater offense. For this reason, the refusal of the trial court to give the instruction on criminal trespass in the first degree as a lesser-included offense of burglary in the first degree was proper.

## IMPEACHMENT BY PRIOR CONVICTIONS

The second issue raised by appellant on appeal is whether or not the trial court's denial of appellant's motion *in limine* to preclude the admission of his prior convictions for impeachment purposes and the trial court's denial of appellant's motion for new trial based upon this ground constituted an abuse of discretion. Appellant challenges the admission of the prior convictions on several grounds:

1. Appellant was not given sufficient notice under Rule 609, Arizona Rules of Evidence, of the prosecutor's intention to use the prior felony convictions for impeachment purposes.

2. The trial court failed to conduct a hearing and failed to make the appropriate findings that the probative value of the prior convictions outweighed their prejudicial effect.

3. That the 1969 prior conviction of assault with a deadly weapon was too remote in time and should have thus been excluded.

The pertinent portions of Rule 609 provide as follows:

a. General Rule.

For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record, if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect, and if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted or (2) involved dishonesty or false statement, regardless of the punishment.

b. Time Limit.

Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than ten years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

Appellant first argues that the state's motion to add the allegation of prior convictions as an addendum to the indictment failed to provide sufficient notice since it did not *specifically* refer to Rule 609. Appellant acknowledged at the Rule

609 hearing, however, that he had actual notice that the allegation had been filed:

MR. KELLER: ... She [the prosecutor] doesn't mention Rule 609 in the allegation to add prior conviction, but we realize, your Honor, that she did file a motion to add prior convictions. So perhaps we did have actual notice.

THE COURT: Sounds like the sand and the ostrich.

MR. KELLER: So, it will be in your sound discretion, your Honor.

We find that appellant was given sufficient notice that the prior convictions would be offered for impeachment purposes and that he was offered a fair opportunity to contest the use of this evidence.

Appellant next argues that the trial court was bound to conduct a hearing and to make a finding on the record that the probative value of the prior convictions outweighed the prejudicial effect of admitting them for impeachment purposes. We first find that the trial judge was clearly aware of Rule 609 and, in fact, conducted a hearing pursuant to that rule:

THE COURT: This is a Rule 609 hearing. This is the time set regarding—since the State has now rested—which the defendant now will be making the election whether to take the stand and testify in his own behalf.

You have a motion, I guess, directed to the State to not utilize the priors that they have alleged, is that correct?

MR. KELLER: [Defense Counsel] Yes.

THE COURT: For the purposes of impeachment?

MR. KELLER: Yes, your Honor.

We next consider whether the trial court properly admitted evidence of the prior convictions for impeachment purposes. Under Rule 609(a), the trial court has wide discretion in deciding whether to exclude evidence of a prior conviction because its prejudicial effect is greater than its probative value. *State v. Dixon*, 126 Ariz. 613, 617 P.2d 779 (1980). The trial court's ruling will not be disturbed absent a clear abuse of discretion. *State ex rel*

*Collins v. Superior Court,* 132 Ariz. 180, 644 P.2d 1266 (1982). In *State v. Hunter,* 137 Ariz. 234, 669 P.2d 1011 (App.1983), this court stated:

> In determining whether to admit evidence of a prior conviction pursuant to Rule 609, the trial court must balance the probative value against the prejudicial effect of admission of the evidence of the prior conviction. The preferred practice is for the trial court to " 'make an on-the-record finding based on specific facts and circumstances that the probative value of the evidence substantially outweighs the danger of unfair prejudice.' " The failure to make such findings, however, does not require reversal. Where it is clear from the record that the trial court balanced the probative value and the prejudicial effect of the admission of a prior conviction, the decision of the trial court will be reviewed only for an abuse of discretion.

669 P.2d at 1014. (Citations omitted.)

Although the trial court did not make a finding on the record that the probative value of the prior convictions outweighed their prejudicial effect, the following exchange took place at the Rule 609 hearing:

> THE COURT: It is ordered that the prior convictions may be used for impeachment purposes, as they are not too remote in time and since notice has been given.
>
> MR. KELLER: Both prior convictions?
>
> THE COURT: Both.
>
> MS. CROMER: Would the State be allowed to refer to the convictions by the name of the crime, or just by "a felony"?
>
> THE COURT: "A prior felony."
>
> MS. CROMER: There were two felonies involved in the '69 one. Should I just refer to that as "a felony," since there were two counts in the same case? I really don't care.
>
> THE COURT: Yes, refer to it as "a prior incident" or "a prior felony."

MR. KELLER: Just for the sake of the record, your Honor, if the accused takes the stand, I intend to bring all this out in direct testimony. So, how would you prefer that I refer to it?

THE COURT: Just refer to it as "a prior conviction" or "Do you have a prior felony?" but don't tell what it was because it may have some spillover on this charge.

MR. KELLER: Then I'll just let Curtis explain, if that's all right.

 Our review of the record indicates that the trial court did in fact consider the prejudicial effect of the admission of the prior convictions. The fact that the trial court instructed the prosecutor not to disclose the nature of the prior convictions also demonstrates that the trial court considered the possible prejudice.[1] We find that the trial court did not abuse its discretion in admitting the March 16, 1973 conviction for impeachment purposes pursuant to Rule 609(a). Appellant's testimony in this case was at odds with the testimony of the state's witnesses and appellant's credibility was thus in issue. Any felony has probative value on the issue of the credibility of a defendant. *See State v. Dalglish,* 131 Ariz. 133, 639 P.2d 323 (1982); *State v. Harding,* 141 Ariz. 492, 687 P.2d 1247 (1984).

## ADMISSION OF THE 1969 FELONY CONVICTION

The nature and extent of the findings necessary to support the admission of a conviction *more* than ten years old has not heretofore been specifically addressed and fully analyzed by the Arizona Appellate Courts. The numerous decisions which hold that it is not error for the trial court to fail to make on-the-record findings where it is clear that the court balanced the probative value and prejudicial effect before admitting a prior conviction have involved convictions *less* than ten years old. *See e.g. State v. Ellerson,* 125 Ariz. 249, 609 P.2d 64 (1980); *State v. Ethridge,* 126

---

1. The state fully complied with the trial court's order and never alluded to the nature of the prior convictions. After having taken the stand, however, appellant volunteered the information on direct examination.

Ariz. 8, 612 P.2d 59 (1980); *State v. Ferreira,* 128 Ariz. 530, 627 P.2d 681 (1981); *State v. Hunter,* 137 Ariz. 234, 669 P.2d 1011 (App.1983); *State v. Bojorquez,* 138 Ariz. 495, 675 P.2d 1314 (1984); *State v. Perkins,* 141 Ariz. 278, 686 P.2d 1248 (1984).

While Rule 609(a) requires that a prior conviction *"shall* be admitted ... if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect ...," Rule 609(b) provides that "[e]vidence of a conviction ... is *not* admissible if a period of more than ten years has elapsed ... *unless* the court determines, in the interests of justice, *that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect."* (Emphasis added.) Thus, Rule 609(b) carves out a specific class of prior convictions that would otherwise be admissible under Rule 609(a), but are declared to be inadmissible unless additional considerations are met. Since Arizona Rule 609(b) is identical to its federal counterpart, the legislative history of the federal rule and the federal case law are instructive.

The courts have almost uniformly held that when convictions more than ten years old are sought to be introduced pursuant to Federal Rule 609(b), the trial judge must make an on-the-record finding based on specific facts and circumstances that the probative value of the evidence substantially outweighs the danger of unfair prejudice. In *United States v. Mahler,* 579 F.2d 730 (2d Cir.1978) the court stated:

First, we believe that the language of the Rule clearly suggests such an on-the-record determination. The decision to admit such evidence must be "supported by specific facts and circumstances." If this wording did not contemplate an on-the-record finding by the district judge, it could simply be stricken from the Rule

with no linguistic or syntactical harm to the rest of the sentence. The position espoused by the Government would make the language mere surplusage, totally devoid of meaning.

579 F.2d 734. *See also United States v. Cavender,* 578 F.2d 528 (4th Cir.1978). Furthermore, the foregoing interpretation is entirely consistent with the legislative history of Federal Rule 609(b).[2] According to the House Report, Rule 609(b) would have barred the use of *all* convictions more than ten years old based upon the rationale that after ten years following a person's release from confinement (or from the date of his conviction) the probative value of the conviction with respect to that person's credibility diminished to a point where it should no longer be admissible. The Senate Report adopted a different position and would have permitted the use of convictions more than ten years old,

but only upon a determination by the court that the probative value of the conviction supported by specific facts and circumstances, substantially outweighs its prejudicial effect.

It is intended that convictions over 10 years old will be admitted very rarely and only in exceptional circumstances. The rules provide that the decision be supported by specific facts and circumstances thus *requiring* the court to make *specific findings on-the-record* as to the particular facts and circumstances it has considered in determining that the probative value of the conviction substantially outweighs its prejudicial impact.[3]

The Senate revision was ultimately adopted with the addition of the notice requirement.

 We conclude that when a trial court determines to admit evidence of a conviction more than ten years old, pursuant to Rule 609(b), the trial court must first make an on-the-record finding that the probative

---

**2.** The reports of the House and Senate Committees on the Judiciary and the Conference Committee can be found in Am.Jur.2d, Federal Rules of Evidence (New Topic Service), appendix 1, pages 169–70, appendix 2, page 205, appendix 3, page 232.

**3.** S.Rep. No. 93–1277, 93d Cong., 2d Sess., *reprinted in* [1974] U.S.Code Cong. & Admin.News pp. 7051, 7062 (emphasis added); *see* Estes, *The New Federal Rules of Evidence,* 65 F.R.D. 267, 277 (1974).

value of such conviction substantially outweighs its prejudicial impact and must identify the specific facts and circumstances which support its decision. No such on-the-record finding was made by the trial court in the case presently before us. As stated in *United States v. Mahone,* 537 F.2d 922 (7th Cir.1976):

> When ... such an explicit finding [of the facts and circumstances supporting the determination to admit] is made, the appellate court easily will be able to determine whether the judge followed the strictures of Rule 609[b] in reaching his decision.

537 F.2d at 929.

We therefore conclude that, absent such requisite finding, the trial judge erred in admitting evidence of appellant's 1969 felony conviction. However, under the facts and circumstances of this case, we do not find that this error requires a reversal of appellant's conviction and sentence.

The state's case was not circumstantial in nature and there is substantial evidence in the record to support the verdict. In addition, appellant was already impeached by the 1973 felony conviction of second degree murder. It can therefore be said, beyond a reasonable doubt, that the error did not contribute significantly to the verdict. *See State v. Hensley,* 137 Ariz. 80, 669 P.2d 58 (1983); *State v. Thomas,* 130 Ariz. 432, 636 P.2d 1214 (1981).

For the foregoing reasons the judgment of conviction and the sentences imposed are affirmed.

GRANT and CONTRERAS, JJ., concur.