716 P.2d 1047

The STATE of Arizona, Appellee,

v.

Gary Donovan
HACKWORTH, Appellant.

No. 2 CA–CR 3949.

Court of Appeals of Arizona,
Division 2, Department B.

Dec. 20, 1985.

Review Denied April 1, 1986.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III and Barbara A. Jarrett, Phoenix, for appellee.

Charles L. Weninger, Tucson, for appellant.

## OPINION

PER CURIAM.

Appellant was found guilty after a jury trial of two counts of armed robbery, two counts of kidnapping, one count of burglary and one count of fleeing from a law enforcement vehicle. The jury found to be true the allegation that the robbery, burglary and kidnapping charges were of a dangerous nature. The court found the allegation that appellant had been convicted of prior felony offenses to be true, and appellant was sentenced to the presumptive terms of 15.75 years on the kidnapping and robbery counts, 11.25 years for burglary and five years for fleeing, the sentences to run concurrently.

The evidence showed that three men entered a Fred Thompson Television store, threatened two employees with a handgun and a screwdriver and forced them into the

bathroom in back of the store and tied their hands behind their backs. They then proceeded to take approximately a dozen video cassette recorders, a large-screen television set and a stereo from the store. The employees untied themselves and called police. An officer at a nearby intersection observed a pickup truck with electronic equipment in the bed of the truck. After a high-speed chase, during which the large-screen television set and stereo equipment were pushed or thrown out of the truck at the police car, the pickup eventually stopped in the vicinity of the former Tucson Airport. The three men who were in the cab of the truck and a fourth who was in the bed of the truck ran from the pickup. Appellant was eventually apprehended, and the keys to the pickup that had been involved in the chase were found in his hand. The investigating officer testified that appellant told him that he was forced to drive to the television store by a Mexican male who had threatened him with a handgun, and he denied knowing the black male who was in the bed of the truck during the chase. The officer testified that when he asked appellant why he fled from the police after the truck stopped, he stated that he knew the police would think he had been involved in the robbery and that he needed time to think.

■ Appellant contends that he was denied effective assistance of trial counsel, an attorney other than the one representing him on appeal. In order for defendant to prevail on this claim, he must satisfy the two-prong test of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). That is, he must show that his counsel's performance fell below an objective standard of reasonableness and also that counsel's performance prejudiced the defense. *State v. Nash*, 143 Ariz. 392, 694 P.2d 222 (1985); *State v. Lee*, 142 Ariz. 210, 689 P.2d 153 (1984). With that test in mind, we have reviewed the entire record and have found that counsel's performance has fallen below the *Strickland* standard. In some respects, counsel exhibited commendable zeal in representing his client. He filed a motion in limine request-

ing the trial court to preclude the statement impeaching appellant with prior felony convictions. He joined in a co-defendant's motion for a *Dessereault* hearing. He made a motion in limine requesting the trial court to preclude the prosecutor from presenting in evidence a gun that had been found along the chase route. Another motion in limine was made to preclude a holster and handcuffs that had been found in appellant's pickup truck. After counsel refused to stipulate that the property recovered by police was the property that had been taken in the robbery, the prosecutor dismissed count six of the indictment. Further, our reading of the trial transcript shows that, although counsel presented no witnesses, his cross-examination of the prosecution's witnesses was incisive and as effective as possible.

■ However, overshadowing what would at first glance appear to be a reasonably adequate representation are two glaring defects in counsel's performance: late disclosure of defenses and closing argument. Counsel did not comply with the discovery provisions of Rule 15.2, Rules of Criminal Procedure, 17 A.R.S. The state argues that appellant has not established that he was prejudiced in any manner by his counsel's failure to abide by the disclosure rule, and that he does not contend that he was precluded from calling any witness who could have presented exculpatory evidence. However, when counsel's disclosure did come on the second day of trial, the nature of it was so bizarre as to put everyone on notice that counsel's performance was lacking. Counsel's disclosure of defenses included the Bible, the Ten Commandments and Exodus 20. Additionally, counsel asked the court to take judicial notice of the speed of light being 186,000 miles per hour. There is no other reference in the record to the disclosed items nor to the speed of light and, indeed, the disclosure stands out in the record as being inconsistent with the presentation of a reasonable defense.

Defense counsel's closing argument can only be described as a total relinquishment of appellant's defense by counsel, and if it was a deliberate insertion of reversible error, it is not only shameful but also unethical. We quote pertinent portions from the transcript.

"There's no question what you just heard is an extremely compelling case based solely on circumstantial evidence.

You have seen no defense witnesses.

I am sure Mr. Hackworth at this point in trial wishes he were somewhere else. It's a tough case.

Statements my client made to Detective Salgado. Nobody in their right mind is going to believe it. If anybody in this courtroom believes the statement Gary Hackworth gave to Detective Salgado is true, then you have left your common sense in the hallway, there is no question about that.

You heard the testimony of all the witnesses and have seen all the exhibits, by and large. You could have agreed [the prosecutor] assumed the facts correctly.

And I submit to you, ladies and gentlemen, I can't argue against felony fleeing.

I submit when the lights went on Gary knew he was in trouble.

There's a lot of circumstantial evidence that is hard to rebut.

It doesn't matter what Detective Salgado said. He can tell you whatever. I'm not going to pretend to say what Mr. Hackworth is going to say. That certainly isn't the evidence.

The point is, he killed his own credibility and there is no denying it. That is one reason, perhaps, he wouldn't take the stand.

I'm not going to review the rest of the evidence. Too much to go through. You heard the testimony and I noticed you all paid attention, and I think you have done your job properly. I submit the evidence is circumstantial and overwhelming.

Ladies and gentlemen of the jury, I appreciate your attention and thank you all for being here, and I assume that you will discharge your duties faithfully."

It is impossible for us to say that the statements made in closing argument did not prejudice appellant's defense. We cannot say that counsel's performance amounted to harmless error in view of the fact that witnesses were unable to place appellant in the business establishment during the commission of the kidnapping, burglary and robbery and counsel's reference to appellant's credibility was severely damaging.

Additionally, it was also error to sentence appellant as a repetitive offender, as the record does not show that he knowingly and voluntarily waived his right to a jury trial on the allegation of prior convictions. *State v. Hunter,* 137 Ariz. 234, 669 P.2d 1011 (App.1983). We would trust that this would not recur on retrial.

Appellant's convictions are reversed, and the case is remanded. A copy of this opinion will be sent to the state bar disciplinary authorities for their review.

HATHAWAY, P.J., and LIVERMORE and LACAGNINA, JJ., concur.