764 P.2d 1162

**STATE of Arizona, Appellee,**

v.

**Kenneth RANSOM, Appellant.**

**No. 1 CA–CR 88–109.**

Court of Appeals of Arizona, Division 1, Department B.

Nov. 29, 1988.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div. and Barbara A. Jarrett, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

OPINION

FIDEL, Presiding Judge.

This is an appeal from an escape conviction.

*Facts*

On May 19, 1987, Kenneth Ransom, then a prisoner at Arizona State Prison at Florence, was transported from the prison to the Maricopa Medical Center in Phoenix. At the Medical Center he was permitted to enter the restroom alone. When Ransom

emerged, he fled. The guard chased him only as far as the hospital entrance. Ransom was recaptured approximately 24 hours later.

Ransom was indicted for escape in the second degree, a class 5 felony. He pled not guilty, claiming entrapment as a defense. The prosecutor filed an allegation of four prior felony convictions. Over defendant's objection the trial court ordered that the state could refer to these convictions for impeachment purposes if the defendant chose to testify. The defendant did testify, and the prior felony convictions were admitted to impeach him.

On November 19, 1987, defendant was found guilty of escape. He was sentenced to a presumptive term of five years' imprisonment.

### Issue

On appeal defendant contends that the trial court violated Rule 609(a) of the Arizona Rules of Evidence by failing to make an explicit finding on the record that the probative value of his prior felony convictions outweighed their prejudicial effect.

### Discussion

Rule 609(a) provides in pertinent part as follows:

> For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record, *if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect....*

17A A.R.S., Arizona Rules of Evidence, Rule 609(a) (Supp.1987) (emphasis added).

The trial court's Rule 609(a) hearing, unfortunately, was conducted off the record; the court made no explicit comparison on the record of probative value and prejudicial effect. However, in response to the state's request to use prior convictions to impeach, the court made the following statements and rulings:

> [W]e talked ... before off the record that if the defendant takes the stand, you'd be allowed to impeach him with

reference to his prior conviction or convictions of a felony.

> . . . .

> The Court: Is there an issue on the priors?
> Defense Counsel: Well, yes. We would want only the word felony mentioned.
> The Court: Okay. You'll be able to bring out that he was previously convicted of a felony or felonies.

> . . . .

By minute entry the court ordered:

> ... in the event defendant testifies, the State will be allowed to make reference to defendant's prior felony conviction(s) for impeachment purposes and that *defendant* will be allowed to present evidence as to the nature of the previous felony conviction(s).

(Emphasis added.)

Appellant claims that these statements are insufficient to show that the trial judge satisfied the Rule 609 balancing test. We disagree. The Arizona Supreme Court recently stated that "the *preferred* method for complying with Rule 609 is a specific on-the-record finding that the probative value of using a prior conviction for impeachment outweighs the danger of unfair prejudice." *State v. Poland,* 144 Ariz. 388, 400, 698 P.2d 183, 195 (1985) (emphasis added), (citing *State v. Hunter,* 137 Ariz. 234, 237, 669 P.2d 1011, 1014 (App.1983); *State v. Dixon,* 127 Ariz. 554, 558, 622 P.2d 501, 505 (App.1980)), *aff'd, Poland v. Arizona,* 476 U.S. 147, 106 S.Ct. 1749, 90 L.Ed.2d 123 (1986). Nevertheless, that court went on to hold that "[w]here ... it is clear from a reading of the record that the probative value has been balanced against the prejudice, a specific finding need not be made." *Poland,* 144 Ariz. at 400, 698 P.2d at 195 (citing *State v. Ellerson,* 125 Ariz. 249, 252, 609 P.2d 64, 67 (1980)).

In his ruling denying the defendant's motion to preclude the use of the prior conviction, the trial judge in *Poland* had stated:

> I have spent a good deal of time reviewing this motion and the arguments

and the opposition to it. I believe that, under the rules, that the use of that prior conviction can be used to impeach the Defendant if the Defendant elects to testify.

144 Ariz. at 400, 698 P.2d at 195. The supreme court found that this statement satisfied the requirement of Rule 609(a) and that the trial court had committed no error in admitting evidence of the defendant's prior convictions.

Earlier, in *State v. Ellerson*, our supreme court upheld a similar trial court ruling even though "the record [did] not affirmatively show that the court ... made the findings required by Rule 609(a)." 125 Ariz. at 252, 609 P.2d at 67. Because i' "appear[ed] from a complete reading of the transcript of the hearing on the motion ... that the court did consider the matters required by Rule 609(a)," the trial court's failure to make specific findings was not fatal. *Id.*

■ In this case, the trial court ruled that if defendant testified, the prosecutor could use defendant's prior convictions to impeach. However, the court carefully restricted that ruling by providing that the prosecutor could raise only the *fact* but not the nature of the prior convictions. The court extended to defendant but denied the

state the option of "bringing out the nature of the previous convictions." Because the trial court took such explicit care to curtail the prejudicial impact of the evidence, we can infer that the court deemed the evidence, as restricted, sufficiently probative to override any prejudice resulting from its admission. Thus we infer that the court performed the balancing that Rule 609(a) requires, and we find no abuse of discretion in the balance that the trial court struck.

■ We reiterate that the preferred method for complying with Rule 609 is specific on-the-record weighing of probative value against prejudice. Had such a finding here been stated, there would have been no ground for this appeal. Yet we find no reversible error. The judgment and sentence of the trial court are affirmed.

EUBANK and JACOBSON, JJ., concur.