610 P.2d 1062

**STATE of Arizona, Appellee,**

v.

**Micheal Gene PATCHIN, Appellant.**

**No. 1 CA–CR 4181.**

Court of Appeals of Arizona,
Division 1,
Department A.

April 15, 1980.

Robert K. Corbin, Arizona Atty. Gen. by William J. Schafer, III, Asst. Atty. Gen., Chief Counsel, Criminal Division, Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Garth V. Smith, Deputy Public Defender, Phoenix, for appellant.

OPINION

DONOFRIO, Judge.

This is an appeal by appellant/defendant Micheal Gene Patchin from a judgment of conviction and sentence imposed on him following his plea of guilty to the crime of theft, a class 4 felony, pursuant to a plea agreement which called for the dropping of certain charges. After a mitigation hearing, the trial court imposed a sentence of three years with the following statement:

> Upon consideration of all the facts, law and circumstances relevant here, the Court finds that suspension of sentence and a term of probation are not appropriate and that a sentence of incarceration with the Arizona Department of Corrections is appropriate. The Court further finds that there are mitigating circumstances sufficiently substantial to call for a term of incarceration of less than the presumptive term as set by statute. These mitigating circumstances are as stated by the Court on the record.

The notice of appeal dated May 29, 1979 filed by the Maricopa County Public Defender is solely from the sentence and there is no contention that the plea agreement was not followed. Defendant on May 29, 1979 (the same day of the appeal) sent by mail, addressed to the appellate court but with the address of the superior court, a five-page instrument in which he raised several grounds for appeal. Because of this instrument which was filed by defendant personally, we have reviewed the record for fundamental error as to the judgment as well as to the term of sentence.

Counsel for appellant has filed an opening brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). In this brief he raises only one arguable issue of law. After the filing of counsel's opening brief, this court entered an order granting defendant an opportunity to file a supplemental brief on or before October 18, 1979 raising any additional points he may wish to raise. No supplemental brief has been filed.

The question before us is whether a trial court must impose the statutory minimum sentence when it finds mitigating circumstances present. Specifically, whether the trial court in the instant case was required

to impose a two-year sentence instead of the three-year sentence imposed because it found mitigating circumstances present. We hold that the trial court was not required to impose the minimum sentence.

The presumptive sentence for a class 4 felony is four years imprisonment A.R.S. § 13–701(B)(3). This term may be reduced to fifty percent (50%) when mitigating circumstances are found to exist. A.R.S. § 13–702(A) reads as follows:

Sentences provided in § 13–701 for a first conviction of a class 4, 5 or 6 felony . . may be increased by the court up to twenty-five percent or may be reduced by the court up to fifty percent of the sentence prescribed for said offense. Such reduction or increase shall be based on the aggravating and mitigating circumstances contained in subsections D and E of this section.

Appellant argues that the statute is ambiguous in that when mitigating circumstances are found to exist the statute fails to make clear whether the judge must impose the minimum sentence of two years or whether he may impose a sentence anywhere within the range of two years and the presumptive term of four years.

The thrust of appellant's argument is that proper statutory construction mandates that a defendant be given the benefit of any doubt in interpretation and that the instant statute should be interpreted as requiring the judge to impose a two-year term when he finds mitigating circumstances. While we agree with the basic principle of construction, we find the trial court did not err.

The language of A.R.S. § 13–702(A) is unambiguous and the legislative intent clear. In such circumstances this court is not at liberty to rewrite the statute under the guise of judicial interpretation. *Continental Casualty Co. v. Industrial Commission*, 113 Ariz. 116, 547 P.2d 740 (1976); *City of Mesa v. Killingsworth*, 96 Ariz. 290, 394 P.2d 410 (1964).

The statute clearly states that when mitigating circumstances are found, the presumptive sentence "may be reduced by the court up to fifty percent of the sentence prescribed for said offense." When applied to this case, the phrase *may be reduced up to fifty percent* means that there are points in between the four-year presumptive term and two-year minimum term that the court may select from in sentencing. The three-year term lies at one of those points.

If the legislature had intended to fix the term of two years when mitigation was involved it would have used words to that effect that the sentence *shall* be reduced to two years instead of the words may be reduced *up to* fifty percent.

We hold that when a sentence is within statutory limits it will not be set aside unless there is abuse of discretion. We find no abuse of discretion in this case.

We have reviewed the entire record for fundamental error as required by A.R.S. § 13–4035 and find none.

Judgment and sentence are affirmed.

FROEB, P. J., and WREN, J., concur.