988 P.2d 619

**In re BRANDON H.**

No. 1CA–JV98–0225.

Court of Appeals of Arizona,
Division 1, Department A.

July 20, 1999.

Review Denied Oct. 26, 1999.

Richard M. Romley, Maricopa County Attorney by Linda Alauria, Deputy County Attorney, Phoenix, Attorneys for Appellee.

Dean W. Trebesch, Maricopa County Public Defender by Joel M. Glynn, Deputy Public Defender, Phoenix, Attorneys for Appellant.

OPINION

THOMPSON, Judge.

¶1 Brandon H. (juvenile) pled guilty to criminal damage, a class 2 misdemeanor and,

as a result, lost driving privileges until he reaches age eighteen. Juvenile appeals from the loss of driving privileges. We have jurisdiction pursuant to Ariz.Rev.Stat. Ann. (A.R.S.) §§ 8–236 and 12–120.21(A)(1). For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶ 2 On April 30, 1998, juvenile was a student at Cholla Middle School. While in a computer class, another student told juvenile that he would give him five dollars to write "OFW" on the desk.

¶ 3 Subsequently, the state brought a delinquency petition against juvenile, alleging criminal damage. Juvenile agreed to plead delinquent. In exchange for that plea, the state agreed to dismiss charges for unlawful use of a vehicle and curfew violation, both of which occurred after the criminal damage. The state also agreed not to file new charges for another curfew violation.

¶ 4 Pursuant to the plea agreement, juvenile agreed that he would not have driving privileges until he turns eighteen. After juvenile indicated in open court that he understood this term, the court informed him that he could also apply for a restricted license. However, his attorney stated that "the state has indicated that this is a stipulation that shall not be restricted . . . the bottom line is the court will not have the option to restrict." The court replied, "[s]o you will not drive until you are [eighteen]."

¶ 5 The court subsequently found that juvenile committed criminal damage, a class 2 misdemeanor, in violation of A.R.S. § 13–1602(A)(5). Juvenile timely appealed after the September 21, 1998 disposition hearing. However, due to a malfunction, the disposition hearing was not tape recorded on that date and was therefore reconstructed on December 28, 1998. Juvenile was placed on probation and required to perform community service. The court reiterated that juvenile's driving privileges were suspended until age eighteen.

## DISCUSSION

¶ 6 Juvenile argues that the mandatory suspension of driving privileges or the refusal to issue a driver's license pursuant to A.R.S. § 28–3320(A)(3) to all juveniles who are convicted of criminal damage under A.R.S. § 13–1602(A)(5) violates the equal protection and due process clauses of the Fourteenth Amendment.

¶ 7 Juvenile's plea agreement included a provision that he "shall not have driver license privileges until the age of [eighteen]" pursuant to A.R.S. § 28–3320. Section 28–3320 provides in part:

A. . . . the department shall immediately suspend the driver license or privilege to drive or refuse to issue a driver license or privilege to drive of a person who is under eighteen years of age as follows:

. . . .

(3) Until the person's eighteenth birthday on receiving the record of the person's conviction of criminal damage pursuant to § 13–1602, subsection A, paragraph 5 or a violation of a city or town ordinance that prohibits the type of criminal action prescribed in § 13–1602, subsection A, paragraph 5.

. . . .

B. If ordered by the court, the department shall restrict the person's privilege to drive between the person's home, school and place of employment during specified periods of time according to the person's school and employment schedule.

¶ 8 "Statutes are presumed to be constitutional and where there is a reasonable, even though debatable, basis for the statute, an act will be upheld unless it is clearly unconstitutional." *State v. Cameron,* 185 Ariz. 467, 469, 916 P.2d 1183, 1185 (App. 1996) (citing *State v. Ramos,* 133 Ariz. 4, 6, 648 P.2d 119, 121 (1982)). Juvenile has the burden of demonstrating that A.R.S. § 28–3320(A)(3) is unconstitutional in this case. *See id.* (citing *State v. Double Seven Corp.,* 70 Ariz. 287, 293, 219 P.2d 776, 779 (1950)).

¶ 9 We apply the "rational basis" test to determine the constitutionality of

A.R.S. § 28–3320(A)(3) because the right to drive is not fundamental, *see Knapp v. Miller,* 165 Ariz. 527, 533, 799 P.2d 868, 874 (App.1990), and youth is not a suspect classification, *see Maricopa County Juvenile Action No. JV–114428,* 160 Ariz. 90, 91, 770 P.2d 394, 395 (App.1989). We will uphold a statute under the rational basis test as long as it is not arbitrary or irrational and is reasonably related to a legitimate state purpose. *See id.* at 92, 770 P.2d at 396. Therefore, we will only find an equal protection violation if the classification rests on grounds that are wholly irrelevant to the state's objectives. *See id.* However, "[e]qual protection is not violated 'if any set of facts can be reasonably perceived to sustain the classification.' " *Id.* (quoting *Goodyear Farms v. City of Avondale,* 148 Ariz. 216, 222, 714 P.2d 386, 392 (1986)).

¶ 10   We hold that requiring juvenile to wait until his eighteenth birthday to obtain a driver's license does not violate the equal protection clause. The statute at issue is not arbitrary or irrational and is reasonably related to the legitimate state interest of deterring juveniles from committing crimes, such as criminal damage, because the loss of driving privileges may be an incentive for juveniles to turn away from crime.

¶ 11   Juvenile argues that having to wait until he is eighteen to drive bears no relationship to punishment because he may become a responsible person by the time he turns sixteen and because A.R.S. § 28–3320(A)(3) has no minimum age requirement. However, his argument lacks merit. By having no minimum age requirement, the statute avoids distinguishing between juveniles based on age and imposes the same punishment for all juveniles who commit criminal damage. The only difference based on age is that juveniles between sixteen and eighteen years old lose driving privileges immediately, whereas juveniles younger than sixteen do not lose anything until they reach age sixteen and could have otherwise obtained a driver's license.

¶ 12   We also hold that A.R.S. § 28–3320(A)(3) does not violate the due process clause for largely the same reasons it does not violate the equal protection clause. The

means selected by the statute, requiring a juvenile offender to wait until his eighteenth birthday to obtain a driver's license, are rationally related to the end, deterring the juvenile from committing further crimes, whether they are vehicle-related or not. *See JV–114428,* 160 Ariz. at 93, 770 P.2d at 397.

¶ 13   Section 28–3320(A)(3) is also subject to procedural safeguards. Driving privileges are not automatically suspended or revoked but rather are only taken away after juvenile has been adjudicated as having committed criminal damage. In this case, juvenile chose to plead delinquent to criminal damage and was aware that by doing so, he would be unable to receive a driver's license until age eighteen. Furthermore, A.R.S. § 28–3320(B) gives the trial court the option to restrict the driving privileges of juveniles to drive between home, school, and work during specified time periods. However, juvenile apparently gave up that alternative as part of his plea agreement.

## CONCLUSION

¶ 14   For the foregoing reasons, we affirm the decision of the trial court.

CONCURRING: REBECCA WHITE BERCH, Presiding Judge, and E.G. NOYES, Jr., Judge.