4 P.3d 1067

### In re SHEREE M.

### No. 1 CA–JV 99–0202.

Court of Appeals of Arizona, Division 1, Department B.

April 25, 2000.

Richard M. Romley, Maricopa County Attorney by Rene Williams, Deputy County Attorney, Phoenix, for Appellee.

Dean W. Trebesch, Maricopa County Public Defender by Joel M. Glynn, Deputy Public Defender, Phoenix, for Appellant.

## O P I N I O N

FIDEL, Judge.

¶ 1 This appeal presents the question whether an Arizona juvenile court has statutory authority to impose either JIPS (juvenile intensive probation supervision) or home detention upon a juvenile who has been adjudicated incorrigible. We hold that the juvenile court may not place an incorrigible juvenile on JIPS, but may place an incorrigible juvenile on home detention.

¶ 2 An "incorrigible child" is defined by statute as one who

(a) Is adjudicated as a child who refuses to obey the reasonable and proper orders or directions of a parent, guardian or custodian and who is beyond the control of such person.

(b) Is habitually truant from school....

(c) Is a runaway from the child's home or parent, guardian or custodian.

(d) Habitually behaves in such a manner as to injure or endanger the morals or health of self or others.

(e) Commits any act constituting an offense which can only be committed by a minor and which is not designated as a delinquent act.

(f) Fails to obey any lawful order of a court of competent jurisdiction given in a noncriminal action.

A.R.S. § 8–201(15) (1999). The statute that governs disposition and commitment of juveniles differentiates between incorrigible and delinquent juveniles and provides separately for each. See A.R.S. § 8–341 (1999).

¶ 3 The juvenile court found Sheree M. to be incorrigible and placed her on standard probation after she admitted to one count of "refusing to obey the reasonable and proper orders and directions of her mother by running away." Some weeks later, Sheree ran away again and was charged with violating her probation. Sheree admitted the violation and, at a disposition hearing, was placed on JIPS. As a condition of intensive probation, she was also placed on home detention. In a timely appeal, Sheree argues that neither JIPS nor home detention is available to the court as a dispositional alternative for a juvenile who is incorrigible but not delinquent.

¶ 4 We review a disposition within the juvenile court's statutory authority for abuse of discretion, but we review a statutory challenge to the juvenile court's disposition de novo. See Maricopa County Juvenile Action No. JV–128676, 177 Ariz. 352, 353, 868 P.2d 365, 366 (1994); Gila County Juvenile Action v. Duber, 169 Ariz. 47, 48, 816 P.2d 944, 945 (1991). The questions presented here are of the second sort.

### JIPS

¶ 5 To determine whether the juvenile court had statutory authority to place Sheree, an incorrigible juvenile, on JIPS, we interpret A.R.S. § 8–352(A) (1999), which limits JIPS to juveniles "adjudicated of a delinquent act or of a technical violation of probation." Sheree was not adjudicated delinquent, but was found to be in violation of probation that had been imposed for incorrigible behavior. Her case thus frames the question whether the second part of § 8–352(A)—"a technical violation of probation"—is freestanding or is implicitly limited by the first part. That is, may JIPS be imposed for any violation of probation, whatever the underlying offense, or may it be imposed only when the violated probation originated from a delinquent act? The State argues for the former interpretation; Sheree argues for the latter.

¶ 6 We try in statutory interpretation to determine and effectuate the legislature's intent. See Hayes v. Continental Ins. Co., 178 Ariz. 264, 268, 872 P.2d 668, 672 (1994). The wording of A.R.S. § 8–352(A) is not determinative, for either interpretation might make linguistic sense. Three guideposts, however, support the juvenile's view.

¶ 7 A first guidepost is historical; incorrigible juveniles have long been distinguished from delinquent juveniles by statute and by case law. Notoriously difficult to manage and to treat, incorrigible juveniles are subject to different modes of disposition than are those who have committed delinquent acts. *Compare* A.R.S. §§ 8–201(10) and 8–341(A)(1) *with* A.R.S. §§ 8–201(15) and 8–341(A)(2); *see Duber,* 169 Ariz. at 48, 816 P.2d at 945 (incarceration dispositional option for delinquency but not for incorrigibility).

¶ 8 A second guidepost is provided by A.R.S. § 8–352(B), which sets forth as criteria for the evaluation of candidates for JIPS,

> the nature of the offense, the delinquent history of the juvenile and the juvenile's history of referrals and adjustments. If the nature of the offense and the prior delinquent history of the juvenile indicate that the juvenile should be included in an intensive probation program pursuant to supreme court guidelines for juvenile intensive probation, the juvenile probation officer may recommend to the court that the juvenile be granted intensive probation.

Insofar as they concern a history of delinquency and not incorrigibility, these subsection B criteria support the juvenile's interpretation of subsection A.

¶ 9 The third guidepost, also in subsection B, is the legislature's invocation of the supreme court guidelines for juvenile intensive probation. Those guidelines, adopted in 1990, include the following "Eligibility Requirement[ ] for Juvenile Intensive Probation Recommendation":

> E. 1. Only juveniles who are adjudicated for delinquent acts *or for violations of probation originating from a delinquent act* are eligible for Juvenile Intensive Probation Supervision.

JIPS Administrative Order 90–9(E)(1) (emphasis added). This court recently declined to construe administrative guidelines in a manner that would restrict the statutory dispositional discretion of the juvenile court. *See In re Jonah T.,* 994 P.2d 1019, 1024 ¶ 21 (1999). In this case, however, the legislature has incorporated the supreme court's JIPS guidelines by reference. Further, the legislature has amended A.R.S. § 8–352 in the ten years since Administrative Order 90–9 took effect without undertaking any revision that would reject the interpretation embodied in that order. *See* 1997 Ariz. Sess. Laws, 2nd S.S., ch. 4, § 49, subsec. B. Thus, we consider Eligibility Requirement (E)(1) to indicate, rather than restrict, the proper interpretation of A.R.S. § 8–352(A).

¶ 10 For the foregoing reasons, we hold that juvenile intensive probation is limited by A.R.S. § 8–352(A) to juveniles who are adjudicated for delinquent acts or for violations of probation originating from delinquent acts.

### HOME DETENTION

¶ 11 The juvenile court included home detention as a condition of Sheree's placement on JIPS. Although we are vacating the imposition of JIPS, we recognize that the question may recur on remand whether the juvenile court may place an incorrigible juvenile on home detention.

¶ 12 The juvenile argues that the court may not do so, invoking *Duber,* which holds that the juvenile court lacks statutory authority to detain juveniles in the juvenile detention center as a dispositional consequence for incorrigible behavior. *See* 169 Ariz. at 48, 816 P.2d at 945; *see also* A.R.S. § 8–341(A)(1)(b) and (2)(b) (juvenile court may incarcerate delinquent juvenile, but not incorrigible juvenile, in juvenile detention center.). Home detention, however, is not incarceration in a juvenile detention center. Nor indeed is it "detention" within the limited statutory definition of that term. Specifically, A.R.S. § 8–201(14) defines detention as

> the temporary confinement of a juvenile who requires secure care in a physically restricting facility that is completely surrounded by a locked and physically secure barrier with restricted ingress and egress for the protection of the juvenile or the community pending court disposition or as a condition of probation.

Home detention does not place a juvenile "in a physically restricting facility that is completely surrounded by a locked and physically secure barrier." *Id.* It merely requires a juvenile to remain at home at all times, except when given permission to leave by the probation officer. *See* A.R.S. § 8–352(E)(3).

¶ 13 Pursuant to A.R.S. § 8–341(A)(2), the juvenile court may award an incorrigible child

(a) To the care of the child's parents, subject to the supervision of a probation department.

(b) To the protective supervision of a probation department, subject to such conditions as the court may impose.

As home detention falls within these dispositional options, and as there is nothing elsewhere in the juvenile statutes that removes it from them, we hold that the juvenile court has statutory authority to impose home detention as a condition of probation for an incorrigible child.

### CONCLUSION

¶ 14 In summary, we hold that the juvenile court had statutory authority to place Sheree M. on home detention, but lacked statutory authority to place her under juvenile intensive probation supervision. We therefore vacate the juvenile court's disposition order and remand for redetermination of the conditions of probation in a manner consistent with this opinion.

CONCURRING: WILLIAM F. GARBARINO, Judge, RUDOLPH J. GERBER, Judge.