FILED BY CLERK

APR -3 2009

COURT OF APPEALS
DIVISION TWO

IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

|  |  |  |
|---|---|---|
| IN RE HILLARY C. | ) | 2 CA-JV 2008-0121 |
|  | ) | DEPARTMENT B |
|  | ) |  |
|  | ) | O P I N I O N |
|  | ) |  |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. 18772001

Honorable Charles S. Sabalos, Judge

REMANDED

Barbara LaWall, Pima County Attorney
  By James M. Coughlin                                                                 Tucson
                                                                          Attorneys for State

Robert J. Hirsh, Pima County Public Defender
  By Julie M. Levitt-Guren                                                            Tucson
                                                                          Attorneys for Minor

E C K E R S T R O M, Presiding Judge.

¶1        The sole issue raised in this appeal by the state is whether the juvenile court abused its discretion in declining to notify the Motor Vehicle Division (MVD) of the Arizona Department of Transportation (ADOT) that Hillary C. had been adjudicated delinquent for violating A.R.S. § 4-244(33), which prohibits a person under the age of twenty-one from "driv[ing] or be[ing] in physical control of a motor vehicle while there is any spirituous liquor in [his or her] body." According to the state, such notification is mandated by statute.

**¶2** Although we generally review a juvenile court's disposition order for an abuse of discretion, we review de novo a statutory challenge to the court's disposition. *See In re Sheree M.*, 197 Ariz. 524, ¶ 4, 4 P.3d 1067, 1068 (App. 2000). For the reasons that follow, we conclude a juvenile court has a statutory obligation to notify ADOT whenever it finds a juvenile has violated § 4-244(33). Because the court therefore abused its discretion in failing to report Hillary's delinquency, we remand.

**Background**

**¶3** Hillary was adjudicated delinquent after she admitted having driven a vehicle while she had alcohol in her system in violation of § 4-244(33), a class one misdemeanor. *See* A.R.S. § 4-246(B). Before her disposition hearing, Hillary filed a motion suggesting the juvenile court had discretion to decide whether to notify MVD of the adjudication and asking the juvenile court to refrain from sending such notice. The state opposed the motion on the ground that the court was statutorily required to notify MVD of a juvenile's violation of § 4-244(33).

**¶4** At the disposition hearing, the juvenile court placed Hillary on probation until her eighteenth birthday[1] and ordered, as a condition of her probation, that her driving privileges be restricted to travel to and from school or work. The court also stated, "I'm going to exercise my discretion in not requiring the minute entry to be sent to [MVD], but [MVD] may get word some other way."

---

[1]Hillary was seventeen years old at the time of her arrest, adjudication, and disposition. She has since turned eighteen.

## Juvenile Court's Reporting Obligations

¶5        The state and Hillary agree that A.R.S. § 28-3320, entitled "Suspension of license for persons under eighteen years of age; notice; definition," requires ADOT to "immediately suspend" a driver's license or privilege to drive "on receiving the record of [the juvenile]'s conviction for a violation of § 4-244, paragraph 33" or other specified statutes.[2] § 28-3320(A)(1).  Section 28-3320(E) further provides:

> For the purposes of this section, "conviction" means a final conviction or judgment, including an order of the juvenile court finding that a juvenile violated any provision of this title or committed a delinquent act that if committed by an adult would constitute a criminal offense.

Hillary does not dispute that her delinquency adjudication falls within this definition of conviction.

¶6        Instead, she argues, as she did below, that § 28-3320 implies a juvenile court has discretion to decide whether to notify ADOT of a violation of § 4-244(33), because § 28-3320(A)(1) only authorizes ADOT to suspend a juvenile's license after "receiving the record of . . . conviction" and imposes no obligation on the court to forward that record.  Although Hillary acknowledges that a related statute, A.R.S. § 28-3305, requires courts to notify ADOT about convictions or judgments "in some circumstances," she notes that, unlike § 28-

---

[2]Section 28-3320(A)(1) also requires ADOT to refuse issuance of a license or privilege to drive in the event a juvenile found in violation of § 4-244(33) does not have such privileges.  Based on the record, it appears Hillary was a licensed driver at the time of her arrest.

3320, § 28-3305 does not expressly define "conviction" to include juvenile adjudications.[3]

According to Hillary, this difference in statutory language evinces legislative intent to vest

juvenile courts with discretion either to report the violation or "to include driving restrictions

under the immediate control of the court as a condition of probation," in keeping with the

rehabilitative function of delinquency proceedings and the individualized nature of juvenile

dispositions. *See In re Miguel R.*, 204 Ariz. 328, ¶¶ 35-36, 63 P.3d 1065, 1074-75 (App.

2003) (noting rehabilitative purpose of juvenile disposition). Additionally, she suggests that,

because § 28-3320 is the more specific statute and applies only to juveniles, the more general

provisions found in § 28-3305, which she asserts are limited to "traffic-related offenses and

civil moving violations," are "of no moment." Hillary thus maintains the court properly

exercised its discretion in declining to report her adjudication to ADOT.

¶7        The state argues a juvenile court's notification to MVD that a juvenile has

violated § 4-244(33) "is mandatory[,] not discretionary," and the court therefore exceeded

its authority in not forwarding the record of Hillary's adjudication. The state points out that

§ 28-3320 affords the court discretion to order that ADOT restrict a juvenile's driving

privileges to travel between home, school, and work during specified time periods, in lieu

---

[3]Section 28-3305, entitled "Court action on conviction," provides, in relevant part:

> B. A court with jurisdiction over offenses or civil traffic
> violations committed under this chapter, any other law of this
> state or a municipal ordinance regulating the operation of motor
> vehicles on highways shall forward a record of the conviction of
> or judgment against a person in the court, except for a violation
> related to standing or parking, to [ADOT] and may recommend
> the suspension of the driver license of the person.

of suspending her license, *see* § 28-3320(B); *In re Brandon H.*, 195 Ariz. 387, ¶ 13, 988 P.2d 619, 621 (App. 1999), and contends such a specific exception to suspension would be unnecessary if the court could simply forego reporting the offense and avoid ADOT's involvement entirely. According to the state, § 28-3320 thus implicitly requires the juvenile court to report a violation of § 4-244(33) to ADOT.

**¶8** In addition, the state maintains a delinquency adjudication for a violation of § 4-244(33) must be reported to ADOT pursuant to § 28-3305(B), which requires any court having jurisdiction to determine violations of any Arizona law "regulating the operation of motor vehicles on highways" to notify ADOT of a person's conviction for such an offense. The state reasons that § 4-244(33) regulates the operation of a vehicle and that a violation of this law would result in a "conviction" as defined in relevant statutes. *See* A.R.S. § 28-101(12)(a).[4] We agree.

**¶9** As an initial matter, we see no basis for Hillary's assertion that the reporting requirements found in § 28-3305 do not encompass § 4-244(33), which makes it illegal for a person under twenty-one "to drive or be in physical control of a motor vehicle" with alcohol in her system. Although § 4-244(33) is found among other statutes regulating alcoholic beverages in title 4, it could as easily have been placed in title 28. *See, e.g.*, A.R.S.

---

[4]Section 28-101 sets forth definitions applicable throughout title 28 "unless the context otherwise requires." It provides, as one definition of conviction, "An unvacated adjudication of guilt or a determination that a person violated or failed to comply with the law in a court of original jurisdiction or by an authorized administrative tribunal." § 28-101(12)(a). This definition is also incorporated by reference for specific use in title 28, chapter 8 ("Motor Vehicle Driver Licenses"), which includes §§ 28-3305 and 28-3320. *See* A.R.S. § 28-3001(4).

§ 28-1381(A)(3) (unlawful for person to drive with "any drug defined in §13-3401 or its metabolite in the person's body").

¶10　　　We also agree with the state that the definition of conviction in title 28 is sufficiently broad to encompass a juvenile's adjudication of delinquency, and we decline to infer the meaning Hillary suggests from the legislature's express inclusion of juvenile court adjudications as convictions in § 28-3320(E) but not in § 28-3305. The statutes serve different purposes.

¶11　　　Both statutes are found in title 28, chapter 8, article 6, which governs regulation of Arizona driver's licenses. Section 28-3320(A) authorizes and requires ADOT to suspend a juvenile's driver's license based on an adjudication of delinquency. This is an exception to the general rule that a delinquency adjudication "shall not be deemed a conviction of crime, [or] impose any civil disabilities ordinarily resulting from a conviction." A.R.S. § 8-207(A). Because "[t]he continued possession of a validly issued driver's license is a constitutionally protected interest" implicating due process, *Knapp v. Miller*, 165 Ariz. 527, 532, 799 P.2d 868, 873 (App. 1990), the legislature may have made § 28-3320 expressly applicable to delinquency adjudications to ensure juveniles had notice that a violation of one of the statutes enumerated in that section would result in suspension of their driving privileges. *Compare Thomson v. Miller ex rel. Ariz. Highway Dep't*, 163 Ariz. 461, 462, 788 P.2d 1212, 1213 (App. 1989) (delinquency adjudication properly treated as conviction for purpose of license revocation without hearing where revocation statute defined conviction as including delinquency adjudication), *with Webb v. Rose*, 20 Ariz. App. 450, 452-53, 513

6

P.2d 988, 990-91 (1973) (delinquency adjudication not conviction for purpose of license revocation without hearing where prior statutes did not so provide).

¶12 In contrast, § 28-3305 does not confer exceptional authority to impair a constitutionally protected interest, but identifies a general, ministerial duty of all courts having jurisdiction over traffic offenses or violations. The legislature's apparent interest in providing specific notice of ADOT's authority to impose a mandatory sanction in § 28-3320 does not have the same relevance in § 28-3305, which simply sets forth court procedures to be followed.

¶13 Finally, had we any doubt that the reporting requirements found in § 28-3305 apply to juvenile delinquency adjudications, it would be dispelled by A.R.S. § 28-1559, a statute neither party cites in this appeal.[5] Like § 28-3305, § 28-1559 imposes an obligation to report convictions for certain offenses found in title 28 and "any other law regulating the operation of vehicles on highways." § 28-1559(B), (H). In contrast to § 28-3305, which refers to the reporting duties of courts, § 28-1559 describes the duties of "[e]ach magistrate, judge or hearing officer of a court," as well as the "clerk of the court of record." § 28-1559(A), (B). In addition, § 28-1559 specifically defines the reporting obligations of juvenile court officers in providing that "[e]ach judge, referee, hearing officer, probation officer or other person responsible for the disposition of cases involving traffic offenses . . .

---

[5]Section 28-1559 is found in chapter 5, article 3 of title 28 and provides procedures relating to criminal violations and traffic complaints.

7

*committed by persons under eighteen years of age* shall" report violations to ADOT.[6]  § 28-1559(H)(2) (emphasis added).  Pursuant to § 28-1559(J), "[f]ailure, refusal or neglect of a judicial officer to comply with [§ 28-1559] is misconduct in office and grounds for removal from office."[7]

¶14       For the foregoing reasons, we conclude the juvenile court abused its discretion when it decided not to notify ADOT of Hillary's adjudication and disposition for violation of § 4-244(33).  *See* §§ 28-1559(I), 28-3305(B).  We remand the case for further action consistent with this decision.

_____
PETER J. ECKERSTROM, Presiding Judge

CONCURRING:


_____
J. WILLIAM BRAMMER, JR., Judge


_____
PHILIP G. ESPINOSA, Judge

---

[6]"[A] report is not required for parking violations or if it is found that the offense or civil violation was not committed."  § 28-1559(H)(2).

[7]Given the complexity and variety of statutes involved, and the parties' failure to direct the juvenile judge to the most relevant statutes addressing that question, we do not find or suggest that the juvenile judge, an experienced jurist, committed any misconduct in erroneously failing to notify ADOT of Hillary's adjudication.

8