FILED BY CLERK

DEC 21 2009

COURT OF APPEALS
DIVISION TWO

IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

)
)
)           2 CA-JV 2009-0080
)           2 CA-JV 2009-0081
IN RE MARTIN M. and RENE N.          )           (Consolidated)
)           DEPARTMENT A
)
)           O P I N I O N
)

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause Nos. 15201202 and 18591801

Honorable Suzanna S. Cuneo, Judge Pro Tempore

AFFIRMED

Barbara LaWall, Pima County Attorney
  By James M. Coughlin                                                    Tucson
                                                              Attorneys for State


Robert J. Hirsh, Pima County Public Defender
  By Julie M. Levitt-Guren                                               Tucson
                                                            Attorneys for Minors

H O W A R D, Chief Judge.

¶1          In these consolidated appeals by the State of Arizona, we are asked to decide

whether A.R.S. § 28-3320 requires the juvenile court to notify the Motor Vehicle Division

of the Arizona Department of Transportation (MVD)[1] when a minor has been adjudicated delinquent based on the offense of possession of marijuana, a class one misdemeanor, in violation of A.R.S. § 13-3405(A)(1), or whether the court may, in the exercise of its discretion, choose not to notify MVD of the adjudication. We hold the juvenile court is not required to notify MVD under these circumstances. Additionally, we conclude the juvenile court did not abuse its discretion in these two delinquency proceedings in choosing not to notify MVD that the court had adjudicated the minors delinquent after finding they had committed the offenses of possession of marijuana.

## Background

¶2        Martin M., now fifteen years old, was adjudicated delinquent after he admitted possessing marijuana in April 2009. Rene N., also fifteen years old, was adjudicated delinquent after he admitted possessing marijuana on two occasions in May 2009. It is undisputed that no motor vehicles were involved during the commission of these offenses.

¶3        At Martin's disposition hearing, the state asked the court to send a copy of the disposition minute entry to MVD, arguing that § 28-3320 requires the juvenile court to notify MVD if a juvenile has been adjudicated based on the commission of any offense specified in the statute, which includes possession of marijuana. Martin opposed the request and asked the court to take into account that the offense had not involved the use of a motor vehicle.

_____

[1]We refer to both the Arizona Department of Transportation and the Motor Vehicle Division as "MVD" in this decision.

He noted further that he was not yet old enough to drive. The court declined to send the adjudication record to MVD, noting that Martin's prior referrals to the juvenile court had not been drug-related and that the current offense was not a driving offense. Similarly, at Rene's disposition hearing one day later, the state asked the same judge to notify MVD of Rene's adjudication. Rene objected on the ground that the offense was not driving-related, and the court denied the state's request. The juvenile court placed both minors on six months' probation.

## Juvenile Court's Obligation to Report

**¶4** The state contends the juvenile court erred in both cases because it was required to transmit to MVD the minors' adjudication records. Relying on § 28-3320(A)(6), the state argues that the legislature intended that the driver licenses of minors who have been adjudicated delinquent based on possession of marijuana be suspended or refused. We review a juvenile court's disposition order for an abuse of discretion. *In re Themika M.*, 206 Ariz. 553, ¶ 5, 81 P.3d 344, 345 (App. 2003). "An abuse of discretion includes an error of law." *State v. Gonzalez*, 216 Ariz. 11, ¶ 2, 162 P.3d 650, 651 (App. 2007), *quoting State v. Rubiano*, 214 Ariz. 184, ¶ 5, 150 P.3d 271, 272 (App. 2007). And, we review de novo questions of law, such as the meaning and interpretation of statutes. *In re Aaron M.*, 204 Ariz. 152, ¶ 2, 61 P.3d 34, 35 (App. 2003).

**¶5** Section 28-3320 pertains generally to the suspension of the driver license of persons under the age of eighteen. The statute specifies the circumstances that require MVD

3

to suspend or refuse to issue a driver license. Section 28-3320(A)(6) provides, "on receiving the record of . . . conviction for a violation of any provision of title 13, chapter 34 [drug offenses]," MVD must immediately suspend or refuse to issue a juvenile's driver license until the juvenile reaches the age of eighteen. Section 28-3320(E) includes juvenile adjudications as "convictions" for purposes of that statute.

¶6　　　　Our primary purpose in interpreting a statute is to determine and effectuate the legislature's intent, mindful that the best reflection of that intent is the plain language of the statute. *See Bobby G. v. Ariz. Dep't of Econ. Sec.*, 219 Ariz. 506, ¶ 9, 200 P.3d 1003, 1006 (App. 2008); *see also Washburn v. Pima County*, 206 Ariz. 571, ¶ 9, 81 P.3d 1030, 1034 (App. 2003) (central goal in interpreting statutes "is to ascertain and give effect to the legislature's intent"). The legislature's intent with respect to § 28-3320(A)(6) is to discourage juveniles from using illegal substances by exposing them to the loss of their driving privileges, even when the offense may be completely unrelated to driving. *Cf. In re Brandon H.*, 195 Ariz. 387, ¶¶ 10, 12, 988 P.2d 619, 621 (App. 1999) (legislative intent of § 28-3320(A)(3) to discourage juveniles from committing crimes through potential loss of driving privileges, even when offense not driving-related); *In re Maricopa County Juv. Action No. JV-114428*, 160 Ariz. 90, 93, 770 P.2d 394, 397 (App. 1989) (court held, for different statute, legislature could have intended to deter juvenile drug abuse through loss of driving privileges even when offense not driving-related).

4

¶7 But § 28-3320 mandates only what MVD must do when it is informed of an adjudication. Nothing in § 28-3320 requires the juvenile court to transmit to MVD the record pertaining to the delinquency adjudication of a minor that was based on the offenses Martin and Rene admitted here. Nor are we aware of any other statute that imposes this obligation on the juvenile court. "It is a universal rule that courts will not enlarge, stretch, expand, or extend a statute to matters not falling within its express provisions." *Antonio P. v. Ariz. Dep't of Econ. Sec.*, 218 Ariz. 402, ¶ 13, 187 P.3d 1115, 1118 (App. 2008), *quoting State ex rel. Morrison v. Anway*, 87 Ariz. 206, 209, 349 P.2d 774, 776 (1960).

¶8 Had the legislature intended to require the juvenile court to transmit to MVD the record in all delinquency adjudications, it readily could have done so. *Cf. Schuck & Sons Constr. v. Indus. Comm'n*, 213 Ariz. 74, ¶ 26, 138 P.3d 1201, 1207 (App. 2006); *see also Champlin v. Sargeant*, 192 Ariz. 371, ¶ 16, 965 P.2d 763, 766 (1998) (applying doctrine of "*expressio unius est exclusio alterius*," meaning expression of one item implies exclusion of others). Indeed, the legislature has so provided in other circumstances. Section 28-3305, A.R.S., which is entitled, "Court action on conviction," specifies the court's obligations when a person has been convicted of an offense that requires the mandatory revocation of that person's driver license. The statute provides, in relevant part, "the court that ordered the conviction or judgment shall . . . [f]orward a record of the conviction or judgment to" MVD. § 28-3305(A)(3). The legislature did not include a similar requirement in § 28-3320. Section 28-3304, A.R.S., a companion to § 28-3305, instructs the MVD to revoke the license of

5

certain drivers "on receipt" of a forwarded record of conviction for the enumerated offenses. It uses much of the language in § 28-3320 to provide this direction to MVD. *See* § 28-3304. It is noteworthy, therefore, that there is no companion statute to § 28-3320 instructing the courts to act. At oral argument, the state insisted that the discretionary language in §§ 28-3320(A)(7) and (B)—the MVD must act "if ordered by the court"—demonstrates the legislature's intent to mandate action in the other sections of the statute. However, the legislature's clearly distinct instructions to the MVD in § 28-3304 and to the courts in § 28-3305 undermine the state's attempt to draw this distinction.

**¶9**         Furthermore, as we made clear in *Gonzalez*, we cannot rewrite a statute under the guise of divining legislative intent. 216 Ariz. 11, ¶ 10, 162 P.3d at 653.

> But it is not within either the trial court's or this court's authority to amend a statute to correct what appears to have been legislative oversight. *See State v. Hunter*, 137 Ariz. 234, 239-40, 669 P.2d 1011, 1016-17 (App. 1983) (refusing to correct legislative oversight in sentencing enhancement statute). Rather, it is the legislature's place to correct any such oversight. *See id.* at 240, 669 P.2d at 1017; *see also State v. Patchin*, 125 Ariz. 501, 502, 610 P.2d 1062, 1063 (App. 1980) ("[T]his court is not at liberty to rewrite the statute under the guise of judicial interpretation.").

*Id*. (citation omitted). We think this principle applies with equal force in the juvenile disposition context. Whether the absence of the same requirement in § 28-3320 that exists in § 28-3305 was intentional or an oversight, we will not write it into the statute.

**¶10**         Finally, the legislature has given the juvenile court considerable discretion in choosing the appropriate disposition for each juvenile adjudicated delinquent. *See* A.R.S.

6

§ 8-341. If the legislature had intended to limit or eliminate the court's discretion, we presume it would have done so expressly. *Cf. Schuck & Sons Constr.*, 213 Ariz. 74, ¶ 26, 138 P.3d at 1207. And it is still free to do so. *See id.*

¶11　　　　The state relies on *In re Hillary C.*, 221 Ariz. 78, 210 P.3d 1249 (App. 2009), to support its argument that the juvenile court was required to forward to MVD the records of the delinquency adjudications in these cases. But *Hillary C.* actually illustrates that when the legislature wants to impose such an obligation on the courts, it does so clearly and unambiguously. *Id*.

¶12　　　　As we noted in *Hillary C.*, § 28-3305 and § 28-1559, A.R.S., read together, require the juvenile court to notify MVD when a juvenile has been adjudicated delinquent for violating former A.R.S. § 4-244(33),[2] which prohibits a person under the age of twenty-one from "driv[ing] or be[ing] in physical control of a motor vehicle" with alcohol in his or her system. *Id*. ¶¶ 11-14. As we stated, "[l]ike § 28-3305, § 28-1559 imposes an obligation to report convictions for certain offenses found in title 28 and 'any other law regulating the operation of vehicles on highways.'" *Id*. ¶ 13, *quoting* § 28-1559(B), (H).

¶13　　　　We also noted in *Hillary C.* that, "§ 28-1559 specifically defines the reporting obligations of juvenile court officers, providing that "'[e]ach judge, referee, hearing officer, probation officer or other person responsible for the disposition of cases involving traffic

---

[2]The statute was amended in 2009 and has been renumbered as § 4-244(34). 2009 Ariz. Sess. Laws, ch. 175, § 3.

offenses . . . *committed by persons under eighteen years of age* shall' report violations to ADOT." *Id*., *quoting* § 28-1559(H)(2). We noted further that, "[p]ursuant to § 28-1559(J), '[f]ailure, refusal or neglect of a judicial officer to comply with [§ 28-1559] is misconduct in office and grounds for removal from office.'" *Id*., *quoting* § 28-1559(J). No similar statutes are implicated here.

¶14        At oral argument, the state relied heavily on *Brandon H.* to argue that the legislature intended to require the court to forward the record of conviction regardless of whether a driving offense is involved. In *Brandon H.*, we upheld the juvenile court's decision to notify MVD that Brandon had admitted to criminal damage; he had agreed to the suspension of his driving privileges. 195 Ariz. 1, 4, 988 P.2d at 619-20. However, we primarily addressed the constitutionality of the suspension of juveniles' licenses, an issue wholly unrelated to the one before us in this matter. *Id.* ¶¶ 6-13. We conclude, therefore, that it is for the juvenile court to decide, in the exercise of its discretion, whether to forward to MVD the record of a juvenile adjudicated delinquent for possessing marijuana.

**Abuse of Discretion**

¶15        Having determined that the juvenile court had the discretion to decide whether to forward to MVD the adjudication records pertaining to Martin and Rene, we now turn to the question whether in deciding not to, the court abused that discretion. "A juvenile court has broad discretion in determining the proper disposition of a delinquent juvenile, and we will not disturb a disposition order absent an abuse of the court's discretion." *Themika M.*,

8

206 Ariz. 553, ¶ 5, 81 P.3d at 345 (citation omitted). In the analogous context of reviewing the sentence imposed on a person convicted of an offense as an adult, we will not disturb a legal sentence unless it is arbitrary, capricious, or based on an inadequate investigation of the relevant facts. *State v. Stotts*, 144 Ariz. 72, 87, 695 P.2d 1110, 1125 (1985); *see also In re Miguel R.*, 204 Ariz. 328, ¶ 31, 63 P.3d 1065, 1073 (App. 2003) (juvenile disposition hearing analogous to adult sentencing). In deciding whether to report Martin's and Rene's adjudications to MVD, the juvenile court considered evidence that the offenses did not involve motor vehicles. With respect to Martin, the juvenile court expressly considered that his prior referrals did not involve drug-related offenses. Under these circumstances, we can infer that the court's dispositions, including its decision not to notify MVD, were related to the rehabilitative purpose of juvenile dispositions. *See Miguel R.*, 204 Ariz. 328, ¶ 36, 63 P.3d at 1075; *see also* Ariz. R. P. Juv. Ct. 31(A) (court shall impose on juvenile "conditions of probation that will promote rehabilitation and public safety"). Based on the records before us, we cannot say the juvenile court abused its discretion in deciding not to notify MVD of Martin's and Rene's adjudications.

**Conclusion**

¶16     The juvenile court was not required to notify MVD that Martin and Rene had been adjudicated delinquent based on having committed the offense of possession of

marijuana.[3]  And based on the records before us, the juvenile court did not abuse its discretion by choosing not to forward to MVD the juveniles' records or otherwise notify MVD of the adjudications.  Therefore, we affirm the disposition orders.


_____
JOSEPH W. HOWARD, Chief Judge


CONCURRING:



_____
PHILIP G. ESPINOSA, Presiding Judge



_____
GARYE L. VÁSQUEZ, Judge


[3]The state also asks us to decide whether the juvenile court is required to forward a copy of delinquency adjudications based on the juvenile's commission of any of the offenses in § 28-3320.  We need not and do not decide that issue because it is not relevant to the issues before us in these two appeals.  *See Progressive Specialty Ins. Co. v. Farmers Ins. Co. of Ariz.*, 143 Ariz. 547, 548, 694 P.2d 835, 836 (App. 1985) (appellate court should not decide issues other than those required to dispose of appeal under consideration).