IN THE COURT OF APPEALS

FILED BY CLERK

APR 16 2010

COURT OF APPEALS
DIVISION TWO

ARIZONA CITY SANITARY
DISTRICT, a political subdivision of
the State of Arizona,

                Petitioner,

          v.

HON. ROBERT CARTER OLSON,
Judge of the Superior Court of the State
of Arizona, in and for the County of
Pinal,

                Respondent,

          and

PINAL COUNTY, a political
subdivision of the State of Arizona;
PINAL COUNTY BOARD OF
SUPERVISORS, a body politic;
PETE RIOS, BRYAN MARTYN
and DAVID SNIDER, in their capacities
as members of the Pinal County Board
of Supervisors; PINAL COUNTY
ELECTIONS DEPARTMENT, a
department of Pinal County; STEVE
KIZER, in his official capacity as the
Director of the Pinal County Elections
Department; LAURA DEAN-LYTLE,
in her official capacity as the Pinal
County Recorder; ACSDR2, a political
action committee; and WILLIAM
MILLER, RICHARD AUTRY and
JOANNE MCKENZIE, in their official
capacities as directors of the Arizona
City Sanitary District,

          Real Parties in Interest.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

2 CA-SA 2010-0016
DEPARTMENT A

O P I N I O N

SPECIAL ACTION PROCEEDING

Pinal County Cause Nos. CV2009-05206 and CV2009-05207 (Consolidated)

JURISDICTION ACCEPTED; RELIEF GRANTED

---

Law Offices of Curtis, Goodwin, Sullivan,
 Udall & Schwab, P.L.C.
 By William P. Sullivan, Kelly Y. Schwab,                                          Phoenix
 and Michelle Swann                                                    Attorneys for Petitioner

James P. Walsh, Pinal County Attorney
 By Chris M. Roll and Joe A. Albo                                                 Florence
                                                              Attorneys for Pinal County Real
                                                                           Parties in Interest

McCarville Law Offices, P.L.C.
 By Thomas L. Schoaf and Thomas A. McCarville          Litchfield Park, Arizona
                                                                     Attorneys for Real Party
                                                                        in Interest ACSDR2

Francis J. Slavin, P.C.
 By Francis J. Slavin and Daniel J. Slavin                                        Phoenix
                                                          Attorneys for Real Parties in Interest
                                                              William Miller, Richard Autry, and
                                                                             Joanne McKenzie

---

E S P I N O S A, Presiding Judge.

¶1        This special action arises from a complaint filed by petitioner Arizona City Sanitary District (the District) challenging Pinal County's acceptance of petitions for a second election to recall three members of the District's Board of Directors who had been the subject of a previous, unsuccessful recall election in May 2009. We are asked to

2

decide whether there must be a finding that the first recall election was valid and had satisfied the relevant requirements of Title 19, A.R.S., before a party seeking a subsequent recall election of the same directors may be required to pay the cost of the first one, as required by article VIII, part 1, § 5 of the Arizona Constitution and A.R.S. § 19-202(B). We accepted jurisdiction of the District's special action and granted relief on March 31, 2010, with a decision to follow. This is that decision.

## FACTS AND PROCEDURAL HISTORY

¶2 The relevant facts are undisputed. In 2008, the Arizona City Sanitary District Recall Committee (the Recall Committee), a political action committee, filed recall petitions against District directors Joanne McKenzie, William Miller, and Richard Autry. The District called a special recall election, which was held on May 19, 2009, and all three Directors were retained. Real party in interest Pinal County Board of Supervisors approved the canvass of the District's recall election on June 4, 2009. The District incurred and paid election costs of at least $10,370. The validity of the election was never challenged.

¶3 At the end of 2009, the Recall Committee sought to file an application for petitions to conduct a second election to recall the same directors. The Pinal County Elections Department informed the Recall Committee that § 19-202(B) required the Committee to pay the cost of the May 2009 recall election when it filed the application for petitions to recall the same Directors. The Recall Committee asked the interim director of the Elections Department to find the 2008 petitions had been defective, the

election therefore invalid, and the Recall Committee consequently exempted from paying the cost of the 2009 election, but the director refused. The Pinal County Attorney's office subsequently issued a memorandum opining that the May 2009 election improperly had been called by the District rather than by the Pinal County Board of Supervisors and that "it would not be in the interest of justice, free and open elections or the interest of the public to require the payment of the costs of the first election by petitioners associated with a second recall petition." The petitions were processed and the Pinal County Board of Supervisors ordered the special election, which has been called for May 18, 2010.

¶4 After the County refused the District's request either to direct the Recall Committee to pay to the District the cost of the May 2009 election or to suspend the processing of the recall petitions until that occurred, the District filed the underlying complaint. The County and Recall Committee each filed counterclaims seeking a declaration that the first election had been invalid and that the Recall Committee is not required under Arizona law to reimburse the District for the cost of that election before it may petition for a second recall election. District directors McKenzie, Miller, and Autry filed a separate complaint contesting the May 2010 recall election. The parties filed motions for summary judgment, which the respondent judge denied after a hearing, finding there existed material issues of fact "as to whether the prior recall petition and election satisfied the requirement of Title 19" and setting a trial on that issue. The

4

District sought special action relief in this court; we granted the request to stay the trial, accepted special action jurisdiction, and granted relief.

## SPECIAL ACTION JURISDICTION

¶5        "It is well settled that a denial of a motion for summary judgment is a nonappealable, interlocutory order that may be reviewed only by special action." *Sonoran Desert Investigations, Inc. v. Miller*, 213 Ariz. 274, ¶ 2, 141 P.3d 754, 756 (App. 2006); *see also* Ariz. R. P. Spec. Actions 1 (special action review appropriate when no equally plain, speedy, or adequate remedy available by appeal).  This court will accept special action jurisdiction of the denial of a motion for summary judgment, however, "only in exceptional cases."  *Sonora Desert Investigations, Inc.*, 213 Ariz. 274, ¶ 2, 141 P.3d at 756; *see also Citizen Publ'g v. Miller*, 210 Ariz. 513, ¶¶ 7-8, 115 P.3d 107, 110 (2005); *Orme Sch. v. Reeves*, 166 Ariz. 301, 302-03, 802 P.2d 1000, 1001-02 (1990). This is an election case, and the election set for May 18, 2010, is imminent; special action jurisdiction is often accepted in such circumstances, particularly when the issue is one of statewide importance.  *See, e.g.*, *Citizens Clean Elections Comm'n v. Myers*, 196 Ariz. 516, ¶ 1, 1 P.3d 706, 708 (2000).  Additionally, it is appropriate that we accept special action jurisdiction when, as here, the issue is one of first impression and involves a question of law.  *ChartOne, Inc. v. Bernini*, 207 Ariz. 162, ¶¶ 8-9, 83 P.3d 1103, 1107 (App. 2004).  For these reasons, we have accepted jurisdiction of this special action.  For the reasons stated below, we have granted relief.

5

## DISCUSSION

¶6        The County and the Recall Committee initially contend in their responses to the District's special action petition that the District lacked standing to file the underlying action. We disagree. The District has standing to challenge the scheduled election because, under the respondent judge's ruling, the District would be required to litigate the validity of the 2009 recall election. And, it would be required to pay for the May 2010 election without reimbursement for the 2009 election if the latter were to be found invalid. Thus, the District will suffer an injury. *See Karbal v. Arizona Dep't of Rev.*, 215 Ariz. 114, ¶ 7, 158 P.3d 243, 245 (App. 2007); *see also Fernandez v. Takata Seat Belts, Inc.*, 210 Ariz. 138, ¶ 6, 108 P.3d 917, 919 (2005). That the District may have no interest or stake in whether its Board members are being recalled does not negate the District's standing to file the underlying complaint and challenge the respondent's ruling in this special action.

¶7        To decide the remaining issues before us, we must determine the meaning of essentially identical provisions of the Arizona Constitution and § 19-202. The interpretation of constitutional and statutory provisions raises questions of law, which we review de novo. *State v. Hansen*, 215 Ariz. 287, ¶ 6, 160 P.3d 166, 168 (2007). We are obliged to construe the constitution "'so as to ascertain and give effect to the intent and purpose of the framers and the people who adopted it.'" *Brewer v. Burns*, 222 Ariz. 234, ¶ 26, 213 P.3d 671, 676 (2009), *quoting State ex rel. Morrison v. Nabours*, 79 Ariz. 240, 245, 286 P.2d 752, 755 (1955). Similarly, in ascertaining the meaning of a statute, we

must determine the legislature's intent in drafting it and give effect to that intent. *Mejak v. Granville*, 212 Ariz. 555, ¶ 8, 136 P.3d 874, 876 (2006). The best indicator of such intent, whether it relates to the constitution or a statute, is the clear language of the provision based on the ordinary meaning of the terms used. *See Ward v. Stevens*, 86 Ariz. 222, 228, 344 P.2d 491, 495 (1959).

**¶8** "[W]hen a constitutional provision is clear on its face and is logically capable of only one interpretation, no extrinsic matter may be shown in support of a construction which would vary its apparent meaning." *Id.*; *see also Cain v. Horne*, 220 Ariz. 77, ¶ 10, 202 P.3d 1178, 1181 (2009) ("We do not depart from the language [of the constitution] unless the framers' intent is unclear."). Similarly, if a statute is unambiguous and the meaning of its terms is clear, we do not employ principles of statutory construction to determine legislative intent. *See State v. Payne*, 561 Ariz. Adv. Rep. 11, ¶ 16 (Ct. App. Jul. 24, 2009); *see also Jones v. Paniagua*, 221 Ariz. 441, ¶ 19 & n.5, 212 P.3d 133, 138-39 & n.5 (App. 2009) (finding reliance on constitutional and legislative history unnecessary to interpret statutory and constitutional provisions in light of provisions' plain meaning).

**¶9** Article VIII, part 1, § 5 of the Arizona Constitution governs recall petitions and elections. It provides, in relevant part, as follows: "After one Recall Petition and election, no further Recall Petition shall be filed against the same officer during the term for which he was elected, unless petitioners signing such petition shall first pay into the public treasury which has paid such election expenses, all expenses of the preceding

election." Section 19-202 similarly pertains to recall petitions and elections; subsection B of the statute mirrors the portion of the constitutional provision quoted above, except that the statute requires payment be made "at the time of application for the subsequent recall petition."

¶10 The District contends, and we agree, that the constitution and the statute are clear and unambiguous. They unequivocally require petitioners seeking to recall the same officers who were the subject of a previous recall election to pay for the cost of that election before they may seek another one. Both the County and the Recall Committee contend, as they did before the respondent judge, there effectively never was a recall election in 2009 because purported deficiencies invalidated it.[1] But the fact that such an election was held, canvassed, and approved cannot meaningfully be refuted. Indeed, the respondent judge correctly found "[t]here is no dispute that a prior election occurred in May 2009." That it may have been flawed, however, does not mean it did not occur. More importantly, based on the clear language of the payment provisions, whether the May 2009 recall election was flawed is irrelevant.

---

[1]The Recall Committee and the County allege the 2008 recall petitions were defective and the May 2009 election invalid for a variety of reasons, including that the Pinal County Elections Department did not file the petitions with the Clerk of the Pinal County Board of Supervisors and did not notify the governor; the directors subject to recall did not receive adequate notice in accordance with A.R.S. § 19-207; the District called the election, not the Board of Supervisors, *see* A.R.S. § 19-209(B)(2); and, the Board of Supervisors improperly canvassed the election because the body that holds an election must be the same as the body that calls the election and because if a special district holds an election, it must canvass the election, *see* A.R.S. § 16-642.

8

¶11     By finding the validity of the first election a question of fact precluding summary judgment, the respondent judge effectively made the payment provisions of the constitution and the statute conditional upon a finding that the preceding election was valid. The respondent found that, "pursuant to A.R.S. § 19-202(B)," Pinal County must determine whether the preceding recall petition and election had complied with "the requirements and procedures" of title 19. But nothing in part 1, § 5, of article VIII of the Arizona Constitution or § 19-202(B) supports this interpretation. As the District correctly states, the respondent judge "inject[ed] a *post-election* obligation on the local jurisdiction to evaluate whether the preceding recall election followed the requirements and procedures set forth in A.R.S. Title 19 as a predicate to applying the Recall Payment Provision." The respondent judge thus added a condition to the constitution and the statute that does not exist. Neither trial judges nor appellate courts may rewrite our constitution or statutes. *See Phelps v. Firebird Raceway, Inc.*, 210 Ariz. 403, ¶¶ 39-40, 111 P.3d 1003, 1013 (2005); *In re Martin M.*, 223 Ariz. 244, ¶ 9, 221 P.3d 1058, 1061 (App. 2009).

¶12     Had the framers of the constitution or the legislature wanted to provide an exception to the payment obligation for subsequent recall elections, they readily could have done so. *See Backus v. State*, 220 Ariz. 101, ¶ 22, 203 P.3d 499, 504 (2009) (had legislature intended additional qualifier to terms of statute, "it would have said so"). And there are compelling policy reasons for not requiring a local election official to evaluate the propriety of a previously held, canvassed, and unchallenged election as a condition of

applying the payment provision. There is a "strong public policy favoring stability and finality of election results." *Donaghey v. Attorney General*, 120 Ariz. 93, 95, 584 P.2d 557, 559 (1978); *see also Jennings v. Woods*, 194 Ariz. 314, ¶ 84, 982 P.2d 274, 291 (1999) (noting courts reluctant to disturb an election already held). As the District correctly points out in its petition, election challenges not timely made are waived. *See Abbey v. Green*, 28 Ariz. 53, 68, 235 P. 150, 155 (1925). The legislature has enacted specific statutes governing the method for challenging an election, including timeliness requirements, and those provisions must be strictly followed. *See* A.R.S. §§ 19-208.01 through 19-208.04; *see also* A.R.S. § 16-672; *Pointe Resorts, Inc. v. Culbertson*, 158 Ariz. 137, 143-44, 761 P.2d 1041, 1047-48 (1988).

¶13 The respondent judge acknowledged the importance of such finality and found the recall election of May 2009 was no longer subject to challenge pursuant to Title 16, A.R.S. But the respondent reasoned that permitting the validity of that election to be challenged within the limited context of these constitutional and statutory payment provisions does not "disturb the prior election." Even assuming, without deciding, that now finding the initial recall election invalid could only be legally significant for purposes of applying the payment provisions of the constitution and § 19-202(B), such a finding nevertheless abrogates the presumption that an election not properly challenged may be regarded as final. *See Moore v. City of Page*, 148 Ariz. 151, 159, 713 P.2d 813, 821 (App. 1986). The respondent's ruling encourages belated challenges to recall elections, albeit in the limited context of the payment provisions, which would evade the

statutes that prescribe the process for bringing such challenges and essentially obviate applicable deadlines that promote finality of elections and stability in the election process. *Cf. Pointe Resorts, Inc.*, 158 Ariz. at 143-44, 761 P.2d at 1047-48 (finding "[i]t would be intolerable" not to apply election statutes and deadlines at municipal level, to office of city clerk, because there would be no time limits for local challenges but a "ten-day deadline for statewide elections").

**CONCLUSION**

¶14 The respondent judge denied the District's motion for summary judgment based on a clear error of law, which constitutes an abuse of discretion, *State v. Campoy*, 220 Ariz. 539, ¶ 37, 207 P.3d 792, 804 (App. 2009), one of the grounds for granting special action relief, *see* Ariz. R. P. Spec. Actions 3(c). Because the Recall Committee did not pay the District the cost of the first election when it filed its application for the second recall election petition, under article VIII, part 1, § 5 of the Arizona Constitution and § 19-202(B), the County was not authorized to accept its application. Contrary to the respondent judge's finding, whether the May 2009 recall election was valid is not a material issue of fact in the underlying action, precluding summary judgment; indeed, based on the plain language of the constitution and § 19-202(B), the retrospective validity of the recall election is irrelevant. The respondent's order is therefore reversed and he is directed to enter such orders as may be appropriate and not inconsistent with this decision.

11

¶15 The District has requested attorney fees and costs incurred in connection with this special action, relying on a number of statutes, including A.R.S. §§ 12-341, 12-348, 12-1840, and 12-2030, and Rule 4(g), Ariz. R. P. Spec. Actions. We are not persuaded an award of attorney fees is authorized by any of these provisions; indeed, § 12-2030(A) expressly exempts political subdivisions of the state from a mandatory award of fees in mandamus proceedings. The District refers to itself as and appears to be a political subdivision of the state. *See* Ariz. Const. art. XIII, § 7. The District's fee request is therefore denied.

/s/ *Philip G. Espinosa*
PHILIP G. ESPINOSA, Presiding Judge

CONCURRING:


/s/ *Joseph W. Howard*
JOSEPH W. HOWARD, Chief Judge


/s/ *Virginia C. Kelly*
VIRGINIA C. KELLY, Judge