IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| THE STATE OF ARIZONA, | ) | |
| | ) | 2 CA-CR 2007-0040-PR |
| Respondent, | ) | DEPARTMENT A |
| | ) | |
| v. | ) | |
| | ) | O P I N I O N |
| FRANCISCO LAZARO GONZALEZ, JR., | ) | |
| | ) | |
| Petitioner. | ) | |
| | ) | |

PETITION FOR REVIEW FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR-20031557

Honorable Christopher C. Browning, Judge

REVIEW GRANTED; RELIEF GRANTED

Robert J. Hooker, Pima County Public Defender
  By Scott A. Martin                                                          Tucson
                                                              Attorneys for Petitioner

H O W A R D, Presiding Judge.

¶1      Following a jury trial, petitioner Francisco Gonzalez, Jr., was convicted of

attempted second-degree sexual conduct with a minor under fifteen years of age, a class

three felony, and contributing to the delinquency of a minor, a class one misdemeanor. The

trial court placed Gonzalez on lifetime probation and a three-year term of intensive probation for the two convictions and ordered him to serve concurrent jail terms, the longer of which was one year, as a condition of his probation. We affirmed Gonzalez's convictions and sentences on appeal. *State v. Gonzalez*, No. 2 CA-CR 2004-0021 (memorandum decision filed May 27, 2005). Gonzalez subsequently admitted having violated the conditions of his probation, after which the trial court revoked his probation and sentenced him to a mitigated, 7.5-year term of imprisonment on the sexual conduct conviction and to time served for contributing to a minor's delinquency. Gonzalez challenged his sentence in a petition for post-conviction relief filed pursuant to Rule 32, Ariz. R. Crim. P., 17 A.R.S., which the trial court denied without conducting an evidentiary hearing. This petition for review followed the court's denial of that petition.

¶2　　　We "review a trial court's denial of post-conviction relief for an abuse of discretion." *State v. Decenzo*, 199 Ariz. 355, ¶ 2, 18 P.3d 149, 150 (App. 2001). "An abuse of discretion includes an error of law." *State v. Rubiano*, 214 Ariz. 184, ¶ 5, 150 P.3d 271, 272 (App. 2007). The issue before us involves a question of statutory interpretation and application, a question of law that we review de novo. *State v. Johnson*, 195 Ariz. 553, ¶ 3, 991 P.2d 256, 257 (App. 1999). Whether a trial court applied the correct sentencing statute is also a question of law subject to our de novo review. *See State v. Virgo*, 190 Ariz. 349, 352, 947 P.2d 923, 926 (App. 1997). The imposition of an illegal

2

sentence is fundamental error. *State v. Thues*, 203 Ariz. 339, ¶ 4, 54 P.3d 368, 369 (App. 2002).

**¶3**       Gonzalez challenged the legality of his sentence under A.R.S. § 13-604.01, a special sentencing statute for dangerous crimes against children, claiming the statute does not apply to his conviction for attempted sexual conduct with the eleven-year-old victim. Although the jury found beyond a reasonable doubt that the victim in this case "was under 15 years of age at the time of the offense," it did not determine the victim's precise age. Gonzalez argued in his reply to the state's response to his post-conviction petition that supporting documentation[1] showed the victim was eleven years old at the time of the offense and asked for the trial court's "guidance" to determine whether he should treat the victim's age as an established fact or whether an evidentiary hearing was required to make that determination.

**¶4**       Although the trial court did not respond to Gonzalez's request, it appears from the court's denial of his petition for post-conviction relief that it did, in fact, accept Gonzalez's position that the victim was eleven years old at the time of the offense. We also note that, although the state did not directly challenge the victim's age in its response to the

---

[1]The supporting documents included the transcript of the prosecutor's opening statement at trial acknowledging the victim was eleven years old; police reports; transcripts of police interviews with the victim and his mother; and an apartment rental agreement that referred to the victim's age. We note that in Gonzalez's appeal the state asserted in its answering brief that the victim was twelve years old and we so stated in our memorandum decision. But the victim's age was not relevant to any issues on appeal.

petition for post-conviction relief, it referred to the victim's date of birth and stated that "*if established*, [it] would have made him 11 years old at the time of the offense." (Emphasis added.) Importantly, the state did not submit "[a]ffidavits, records or other evidence available to [it] contradicting the allegations of the petition" to challenge the victim's age, as Rule 32.6(a), Ariz. R. Crim. P., requires it to do. Nor did the state file a response to the petition for review now before us challenging this conclusion. Accordingly, we assume for purposes of this decision that both the state and the trial court agreed with Gonzalez that the victim was eleven years old when Gonzalez committed the offense.

¶5 Gonzalez argues that the statute under which he was sentenced, § 13-604.01(I), does not include attempted sexual conduct with a victim under the age of twelve. Gonzalez also contends that, although § 13-604.01(A) and (B) provide a sentencing range for, inter alia, sexual conduct with a minor twelve years old or under and with a minor under the age of twelve, respectively, those subsections do not apply to *attempted* sexual conduct, the relevant offense in this case. Gonzalez argues that, because nowhere in § 13-604.01 is the offense of attempted sexual conduct with a victim under the age of twelve addressed, he was illegally sentenced under that statute. *See* Ariz. R. Crim. P. 32.1(c).

¶6 In denying post-conviction relief, the trial court noted that A.R.S. § 13-1405(B) states that "[s]exual conduct with a minor who is under fifteen years of age is a class 2 felony and is punishable pursuant to § 13-604.01." The court further reasoned:

> Petitioner's argument that the legislature intended that an
> attempted [sexual conduct] of an eleven year (11) as opposed

4

to a twelve (12) year old, is a less serious crime, is ridiculous. . . . The Petitioner's conduct in this matter is the precise type of conduct the legislature addressed in A.R.S. § 13-604.01 and intended to punish more severely.

¶7 Section 13-604.01(M)[2] includes sexual conduct with a minor under fifteen years of age among the offenses to which it applies and provides that such an offense "is in the first degree if it is a completed offense and is in the second degree if it is a preparatory offense." Gonzalez's attempted sexual conduct conviction falls within the latter category as a second-degree offense. *See also* A.R.S. § 13-1001(C) (attempted offense one class lesser felony than completed offense). Section 13-604.01(I), the subsection under which Gonzalez presumably was sentenced,[3] and the only subsection in the statute that addresses the preparatory offense of sexual conduct of which Gonzalez was convicted, states in relevant part:

[A] person who is at least eighteen years of age . . . and who stands convicted of a dangerous crime against children in the second degree pursuant to subsection C or D of this section . .

---

[2]The version of A.R.S. § 13-604.01 in effect at the time Gonzalez committed his offenses has been amended and the subsections renumbered. However, because the relevant language has not changed, we refer to the current version of the statute. *See* 2001 Ariz. Sess. Laws, ch. 334, § 7; 2005 Ariz. Sess. Laws, ch. 2, § 1; 2005 Ariz. Sess. Laws, ch. 188, § 2; 2005 Ariz. Sess. Laws, ch. 282, § 1; 2005 Ariz. Sess. Laws, ch. 327, § 2; 2006 Ariz. Sess. Laws, ch. 295, § 2.

[3]As Gonzalez points out, although the trial court did not identify at the sentencing hearing or in its sentencing order the specific statute under which Gonzalez was sentenced, based on the presentence report, the actual sentence imposed, and the fact that the state responded to and the trial court ruled on Gonzalez's argument that he had been improperly sentenced under § 13-604.01(I), it appears Gonzalez was, in fact, sentenced under this statute.

. is guilty of a class 3 felony and shall be sentenced to a presumptive term of imprisonment for ten years. The presumptive term may be increased or decreased by up to five years pursuant to § 13-702, subsections B, C and D.

¶8 Section 13-604.01(C) pertains, in relevant part, to "sexual conduct with a minor who is twelve, thirteen or fourteen years of age," while § 13-604.01(D) does not apply to the offense of sexual conduct at all. Thus, despite the reference in § 13-1405 to § 13-604.01, § 13-604.01 does not provide a sentence for attempted sexual conduct with a minor under the age of twelve.

¶9 The trial court correctly stated that the legislature enacted § 13-604.01, the dangerous crimes against children statute, to more severely punish the type of offense involved here. *See Boynton v. Anderson*, 205 Ariz. 45, ¶ 12, 66 P.3d 88, 91 (App. 2003). The court also correctly noted that it defies logic to punish an offender who commits a crime against a twelve-year-old victim more severely than one, like Gonzalez, who commits that very same act against an eleven-year-old victim. But neither statement changes the fact that the plain language of § 13-604.01 does not encompass attempted sexual conduct with a victim under the age of twelve. "[A] statute's language is the most reliable index of its meaning." *State v. Sepahi*, 206 Ariz. 321, ¶ 16, 78 P.3d 732, 735 (2003). "In the absence of ambiguity, we must give effect to [the] language [of the statute] and may not employ other means of statutory interpretation." *State v. Viramontes*, 204 Ariz. 360, ¶ 8, 64 P.3d 188, 189 (2003). "We do not sit as a second legislature to rewrite laws that may strike us as improvident." *In re Pima County Juvenile Appeal No. 74802-2*, 164 Ariz. 25, 34, 790 P.2d

6

723, 732 (1990), *abrogated on different grounds by State v. Getz*, 189 Ariz. 561, 944 P.2d 503 (1997).

¶10 Both Gonzalez and the state, in its response to the petition for post-conviction relief below, have acknowledged, and we agree, that it appears the legislature likely did not intend to omit the offense of attempted sexual conduct with a minor under twelve years of age from § 13-604.01. However, in its response, the state concluded, without more, that despite the legislature's apparent oversight, the trial court nonetheless properly sentenced Gonzalez under the statute, a position the trial court apparently adopted. But it is not within either the trial court's or this court's authority to amend a statute to correct what appears to have been legislative oversight. *See State v. Hunter*, 137 Ariz. 234, 239-40, 669 P.2d 1011, 1016-17 (App. 1983) (refusing to correct legislative oversight in sentencing enhancement statute). Rather, it is the legislature's place to correct any such oversight. *See id*. at 240, 669 P.2d at 1017; *State v. Tarango*, 185 Ariz. 208, 210, 211, 914 P.2d 1300, 1302, 1303 (1996) (courts must follow text of plain, unambiguous statute as written and "are not permitted to rewrite statutes"); *see also State v. Patchin*, 125 Ariz. 501, 502, 610 P.2d 1062, 1063 (App. 1980) ("[T]his court is not at liberty to rewrite the statute under the guise of judicial interpretation."). Because § 13-604.01 is clear, we are bound to interpret it as it is written.

¶11 The trial court correctly relied on *State v. Hollenback*, 212 Ariz. 12, 126 P.3d 159 (App. 2005), in adopting the state's argument that, "based on the statutory language of

7

A.R.S. § 13-1405 and the legislative intent of the sentencing scheme provided in A.R.S. § 13-604.01, it is clear that the legislature intended sentencing under A.R.S. § 13-604.01 take precedence over A.R.S. § 13-702.02." But *Hollenback* did not address the issue before us. In *Hollenback*, this court ruled that a defendant who had been convicted, inter alia, of sexual conduct with two victims under the age of twelve was properly sentenced under § 13-604.01. 212 Ariz. 12, ¶¶ 10-11, 126 P.3d at 162-63. However, Hollenback was convicted of sexual conduct with a minor, (as distinguished from Gonzalez's conviction of *attempted* sexual conduct with a minor), *id.* ¶ 1, a crime that is expressly punishable under § 13-604.01(A) (sexual conduct with a minor twelve or under) and (B) (sexual conduct with a minor under twelve). In contrast, the issue here is whether a defendant like Gonzalez, who has been convicted of attempted sexual conduct with an eleven-year old-victim, may properly be sentenced under § 13-604.01.

¶12        Similarly, the trial court's reliance on *State v. Carlisle*, 198 Ariz. 203, 8 P.3d 391 (App. 2000), for the proposition that attempted sexual conduct with a minor under the age of fifteen is a dangerous crime against children is misplaced. That case, which involved an individual pretending to be a fourteen-year-old victim, *id.* ¶ 2, has no bearing on the issue before us: whether Gonzalez's crime involving an eleven-year-old victim falls within § 13-604.01 as written.

¶13        The trial court noted that Gonzalez's argument, and therefore this result, would be "ridiculous." But this case does not fall within the rule that courts may overlook

8

the plain meaning of statutes if that plain meaning leads to an absurd result not intended by the legislature. *See, e.g., State v. Estrada*, 201 Ariz. 247, ¶ 17, 34 P.3d 356, 360 (2001). In *Estrada*, the court construed the statute in a way that benefited the defendant. *Id*. Here, the trial court construed the statute to the defendant's detriment. That construction raises constitutional concerns. *See State v. Noble*, 171 Ariz. 171, 174, 829 P.2d 1217, 1220 (1992) ("[A] primary purpose of the *ex post facto* clause [is] 'to assure that legislative Acts give fair warning of their effect and permit individuals to rely on their meaning until explicitly changed.'"), *quoting Weaver v. Graham*, 450 U.S. 24, 28-29, 101 S. Ct. 960, 964 (1981); *State v. Powers*, 200 Ariz. 123, ¶ 8, 23 P.3d 668, 671 (App. 2001) (judicial expansion of statutory language can violate defendant's due process right to fair warning of proscribed conduct); *see also* A.R.S. § 13-101(2) (public policy of state is "[t]o give fair warning of the nature of the conduct proscribed and of the sentences authorized upon conviction").

¶**14** We further acknowledge our responsibility to construe criminal statutes according to "the fair meaning of their terms to promote justice and effect the objects of the law." A.R.S. § 13-104. But we cannot supply a punishment the legislature did not enact. *See State v. Wagstaff*, 164 Ariz. 485, 490, 492, 794 P.2d 118, 123, 125 (1990) ("Defining crimes and fixing penalties are legislative, not judicial, functions. . . . Proscribing conduct and determining appropriate sanctions for those who deviate from the accepted norms of conduct is purely a legislative function.").

9

**¶15** Accordingly, because we conclude that the sentence imposed was illegal under § 13-604.01, we grant the petition for review, grant relief, and remand this matter to the trial court for resentencing. It may hold a hearing, if necessary, to establish the victim's age. If the court concludes the victim was eleven years old when Gonzalez committed the offense, it shall resentence Gonzalez, as he has requested, in accordance with A.R.S. §§ 13-701 and 13-702.

_____
JOSEPH W. HOWARD, Presiding Judge


CONCURRING:


_____
JOHN PELANDER, Chief Judge


_____
GARYE L. VÁSQUEZ, Judge