IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

FILED BY CLERK

AUG 24 2011

COURT OF APPEALS
DIVISION TWO

THE STATE OF ARIZONA,                )
                                     )
                    Respondent,      )        2 CA-CR 2011-0084-PR
                                     )        DEPARTMENT A
          v.                         )
                                     )        O P I N I O N
JOSEPH MICHAEL GODDARD,              )
                                     )
                    Petitioner.      )
                                     )

PETITION FOR REVIEW FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR20082426

Honorable Michael J. Cruikshank, Judge

REVIEW GRANTED; RELIEF DENIED

Isabel G. Garcia, Pima County Legal Defender
  By Joy Athena                                                    Tucson
                                                      Attorneys for Petitioner

E C K E R S T R O M, Presiding Judge.

¶1          Petitioner Joseph Goddard seeks review of the trial court's order dismissing his petition for post-conviction relief, filed pursuant to Rule 32, Ariz. R. Crim. P., in which he alleged the court had violated his right to due process by concluding his offenses were dangerous crimes against children. "We will not disturb a trial court's ruling on a petition for post-conviction relief absent a clear abuse of discretion." *State v.*

*Swoopes*, 216 Ariz. 390, ¶ 4, 166 P.3d 945, 948 (App. 2007). Goddard has not sustained his burden of establishing such abuse here.

**¶2** Pursuant to a plea agreement, Goddard was convicted of two counts of attempted sexual conduct with a minor under fifteen years old. At his change-of-plea hearing, Goddard pled guilty to both offenses as dangerous crimes against children. The trial court imposed a partially aggravated, twelve-year prison term on the first count and placed Goddard on a consecutive term of lifetime probation on the second count. Goddard petitioned for post-conviction relief, asking the court to reweigh the evidence of aggravating and mitigating factors. The court summarily dismissed the petition.

**¶3** Thereafter, still within ninety days of sentencing, Goddard moved the court to either reinstate his previous Rule 32 proceeding or to "permit the filing of a new Notice of Post-Conviction Relief." Goddard's counsel, from the public defender's office, asserted in the motion that other assistant public defenders who previously had been assigned to the case erroneously had filed a Rule 32 petition which "was probably intended as some type of Rule 24 motion." Goddard filed a new notice of post-conviction relief the same day. The court apparently granted the motion, as it assigned counsel and set a schedule for preparation of the record and filing of the petition.[1] In his subsequently filed petition, citing *State v. Gonzalez*, 216 Ariz. 11, 162 P.3d 650 (App. 2007), Goddard asked the court to resentence him "because the offense to which he pled guilty requires sentencing under (former) A.R.S. § 13-702, not [former] A.R.S. § 13-

---

[1]Because the trial court apparently granted this motion and reinstated the Rule 32 proceeding, preclusion based on a prior Rule 32 petition does not apply.

604.01[(J)]."[2] Goddard also argued a term in his plea agreement requiring him to pay $1,500 to the Pima Crime Victim Compensation Fund was unlawful and trial counsel had been ineffective in failing to raise both sentencing issues.

¶4 The trial court granted Goddard relief on his sentencing claims but concluded he had failed to show his counsel's performance had been deficient. The court resentenced Goddard, imposing an aggravated, seven-year term of imprisonment on the first conviction and placing him on a consecutive, lifetime term of probation on the second conviction. In his sentencing memorandum, Goddard argued that, in addition to sentencing him under former § 13-702 instead of former § 13-604.01, the court should "refrain from applying the [dangerous crime against children] designation to [his] offenses." The court and counsel discussed the matter at the resentencing hearing and the court declined to designate the offenses dangerous crimes against children, instructing the state to "file the documents you want to, if you would, to preserve the record." The state moved for reconsideration of whether the offenses were dangerous crimes against children, and the court amended its sentencing minute entry to designate each offense as a dangerous crime against children.[3]

---

[2]2007 Ariz. Sess. Laws, ch. 248, § 2 (former § 13-604.01); 2006 Ariz. Sess. Laws, ch. 148, § 1 (former § 13-702); 2006 Ariz. Sess. Laws, ch. 104, § 1 (former § 13-702).

[3]As discussed below, the court's original designation of Goddard's offenses as dangerous crimes against children was not unlawful. The court therefore was without authority to grant Goddard's request to remove the designation after Goddard had pled guilty to his offenses as dangerous crimes against children. *See State v. Superior Court*, 124 Ariz. 288, 289, 603 P.2d 915, 916 (1979) ("'[T]he trial court's jurisdiction in post-trial motions is limited to that set out in the Rules, and an exercise of that jurisdiction is permissible only upon the grounds specified therein.'"), *quoting State v. Falkner*, 112

**¶5** Goddard again initiated post-conviction relief proceedings, this time requesting in his petition that the trial court "re-designate his offenses because they are not dangerous crimes against children." The court summarily dismissed his petition, concluding Goddard had been "properly resentenced pursuant to *Gonzalez* and his offenses were properly designated as a dangerous crime against children."

**¶6** On review, Goddard challenges this conclusion, arguing that because former § 13-604.01(N)(1), which set forth various offenses defined as dangerous crimes against children, began with the phrase "[f]or the purposes of this section," and "because [he] is not subject to the sentencing scheme after *Gonzalez*, his offense[s] cannot be designated" dangerous crimes against children. We agree with the trial court that "while § 13-604.01, as it existed at the time of [Goddard]'s offenses, did not provide a sentencing structure, [it] did provide a classification for the conduct as a dangerous crime against children."

**¶7** In *Gonzalez*, we concluded former § 13-604.01 "d[id] not provide a sentence for attempted sexual conduct with a minor under the age of twelve." 216 Ariz. 11, ¶ 8, 162 P.3d at 652. We did not, however, specifically address whether that offense nonetheless could be designated a dangerous crime against children under former § 13-604.01(N). As Goddard points out, that subsection began: "For the purposes of this section . . . '[d]angerous crime against children' means any of the following that is

Ariz. 372, 374, 542 P.2d 404, 406 (1975); *see also State v. Thompson*, 200 Ariz. 439, ¶ 7, 27 P.3d 796, 798 (2001) ("One is convicted when there has been a determination of guilt by . . . the acceptance of a plea."). Thus, the sentence imposed at resentencing without the dangerous crime against children designation was unlawful, and the court was authorized under Rule 24.3, Ariz. R. Crim. P., to correct that sentence within sixty days.

committed against a minor who is under fifteen years of age." 2007 Ariz. Sess. Laws, ch. 248, § 2. Included in the list of offenses was "[s]exual conduct with a minor." 2007 Ariz. Sess. Laws, ch. 248, § 2 (former § 13-604.01(N)(1)(e)).

¶8 Goddard argues the inclusion of the phrase "[f]or the purposes of this section" mandates that a dangerous crime against children can only be "an offense expressly subject to sentencing under" the dangerous crimes against children statute. But, providing an enhanced sentencing range for such crimes is not the only purpose of the statute. It also defines what constitutes a dangerous crime against children, as suggested by its title: "Dangerous crimes against children; sentences; definitions." *See State v. Romero*, 216 Ariz. 52, ¶ 5, 162 P.3d 1272, 1273 (App. 2007) ("'[A]lthough title and section headings of statutes are not law, we may look to them for guidance.'"), *quoting Pleak v. Entrada Prop. Owners' Ass'n*, 205 Ariz. 471, ¶ 7, 73 P.3d 602, 605 (App. 2003).

¶9 Contrary to Goddard's assertion that "the legislature defined a dangerous crime against children for the sole purpose of the sentencing scheme it created for those offenses," that definition has import beyond the enhanced sentences provided in the statute itself. For example, the definition of "[h]istorical prior felony conviction" includes crimes defined as dangerous crimes against children. A.R.S. § 13-105(22)(a)(v).[4] And a person who is convicted of a dangerous crime against children

---

[4]Former A.R.S. § 13-604(W)(2)(vi), the statute in effect at the time of Goddard's offenses, likewise provided that a dangerous crime against children was a historical prior felony conviction. 2007 Ariz. Sess. Laws, ch. 287, § 1.

after November 1, 2006, placed on probation, ordered to register pursuant to A.R.S. § 13-3821, and classified as a level three offender, must be monitored by a global position system or other electronic means. A.R.S. § 13-902(G).[5] Based on the plain language of these statutes, we cannot say the legislature intended, through its omission of attempted sexual conduct with a minor under twelve years of age from enhanced sentencing, *see Gonzalez*, 216 Ariz. 11, ¶ 10, 162 P.3d at 653, to relieve a defendant convicted of a crime that fits the definition of a dangerous crime against children set forth in former § 13-604.01(N), of these additional requirements and consequences. *See Walter v. Wilkinson*, 198 Ariz. 431, ¶ 6, 10 P.3d 1218, 1219 (App. 2000) ("In interpreting statutes, we must strive to 'find and give effect to legislative intent,' and to interpret the statute so as to give it a fair and sensible meaning.") (citations omitted), *quoting Bustos v. W.M. Grace Dev.*, 192 Ariz. 396, 398, 966 P.2d 1000, 1002 (App. 1997). Therefore, although we grant the petition for review, we deny relief.

/s/ *Peter J. Eckerstrom*
PETER J. ECKERSTROM, Presiding Judge

CONCURRING:

/s/ *Joseph W. Howard*
JOSEPH W. HOWARD, Chief Judge

/s/ *J. William Brammer, Jr.*
J. WILLIAM BRAMMER, JR., Judge

---

[5]The version of the statute in effect at the time of Goddard's offenses similarly provided that if a person was convicted of a dangerous crime against children and a term of probation was imposed, global position system monitoring was required. 2007 Ariz. Sess. Laws, ch. 290, § 4 (former § 13-902(G)).

6