NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

ROBERTO PORTILLO, *Appellant.*

No. 1 CA-CR 13-0722
FILED 12-18-2014

---

Appeal from the Superior Court in Maricopa County
No. CR 2012-006237-001
The Honorable Dawn M. Bergin, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Law Offices of Michael J. Dew, Phoenix
By Michael J. Dew
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Jon W. Thompson delivered the decision of the Court, in which Judge Donn Kessler and Judge Kent E. Cattani joined.

---

**T H O M P S O N,** Judge:

¶1         This case comes to us as an appeal under *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon,* 104 Ariz. 297, 451 P.2d 878 (1969). Counsel for Roberto Portillo (defendant) has advised us that, after searching the entire record, he has been unable to discover any arguable questions of law and has filed a brief requesting this court to conduct an *Anders* review of the record.  Defendant was given an opportunity to file a supplemental brief *in propria persona*, but has not done so.

¶2         The victim testified that defendant, her biological uncle, had sexual intercourse with her on four separate occasions, and attempted sexual intercourse with her on one occasion.  The first incident of sexual intercourse was at the defendant's house in Chandler when the victim was six years old.  Defendant penetrated victim's vagina with his fingers underneath her clothing as she was laying down on the couch watching television.  The second incident of sexual intercourse was at the victim's aunt's house at a family celebration when the victim was six or seven years old.  The victim was wearing a dress and defendant bent her over his knee and penetrated her vagina with his fingers.  The third incident of sexual intercourse was when the victim was eight or nine years old.  The victim was face down on the bed when defendant took off her pants and underwear and penetrated her anus with his penis.  The fourth incident of sexual intercourse occurred during the painting of defendant's house when the victim was ten years old.  The victim had paint on her pants and she removed them and sat on defendant's couch in her underwear.  Defendant laid her down on the couch, took off her underwear, and penetrated her anus with his penis.  The final incident occurred at the victim's old house after she had gone swimming when she was eleven years old.  Defendant attempted to move the part of victim's bathing suit covering her vagina before she squirmed away.

¶3         Defendant was charged and convicted of four counts of sexual conduct with a minor, class 2 felonies and dangerous crimes against children.  He was also charged and convicted of one count of attempted

sexual conduct with a minor, a class 3 felony and a dangerous crime against children. The jury found that all five counts occurred while the victim was twelve years of age or younger. The trial court sentenced defendant to five consecutive terms, including four terms of life in prison with no possibility of parole for at least thirty-five years and one term of ten years of imprisonment. The trial court gave defendant 541 days of presentence incarceration credit to be applied against the first term of life in prison. Defendant timely appealed.

**¶4** We have identified a potential issue: whether Arizona Revised Statute (A.R.S.) section 13-604.01 (2008)[1] allows defendant's sentence for attempted sexual conduct with the victim, who was eleven at the time the attempted sexual conduct occurred, to be enhanced as a dangerous crime against children. *See State v. Gonzalez*, 216 Ariz. 11, 13-14, ¶ 8-9, 162 P.3d 650, 652-53 (App. 2007). After *Gonzalez* was decided, the statute was clarified by the legislature, such that it is evident there is and was no special statutory sentencing consideration for this preparatory crime based on the victims age, eleven. That the victim here was eleven and had not yet attained twelve years of age was superfluous. Therefore, we conclude that A.R.S. § 13-604.01 (2008) was correctly applied to defendant's sentencing for attempted sexual conduct with a minor under fifteen years of age, and the presumptive sentence of ten years imprisonment was proper.

**¶5** We have read and considered defendant's *Anders* brief and have searched the entire record for reversible error, finding none. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, and the sentences imposed were within the statutory limits. Pursuant to *State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984), defendant's counsel's obligations in this appeal are at an end. Defendant has thirty days from the date of this decision in which to proceed, if he so desires, with an *in propria persona* motion for reconsideration or petition for review.

---

[1] During the time period of the offense for attempted sexual misconduct, there are two different versions of A.R.S. § 13-604.01 that could apply. They are substantively the same for our purposes, and thus, we refer to the later applicable version, A.R.S. § 13-604.01 (2008).

¶6        We affirm the convictions and sentences.



Ruth A. Willingham · Clerk of the Court
FILED: gsh