NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

DANIEL SANCHEZ, *Petitioner*.

No. 1 CA-CR 17-0147 PRPC
FILED 2-1-2018

Petition for Review from the Superior Court in Maricopa County
No. CR2008-007319-001
The Honorable J. Justin McGuire, Judge *Pro Tempore*

**REVIEW GRANTED AND RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Lisa Marie Martin
*Counsel for Respondent*

Daniel Sanchez, Florence
*Petitioner*

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge James P. Beene and Judge Kent E. Cattani joined.

**H O W E**, Judge:

¶1        Daniel Sanchez petitions this Court for review from the dismissal of his petition for post-conviction relief. This is Sanchez's first, "of right" petition filed after a probation revocation and sentence. We have considered the petition for review and for the reasons stated, grant review but deny relief.

¶2        Sanchez pled guilty in 2010 to two counts of attempted sexual conduct with a minor, class 3 felonies and dangerous crimes against children. One count occurred in 1998, and the other occurred in 2007. The court sentenced Sanchez to concurrent terms of lifetime probation to begin upon absolute discharge from prison in two other cases. He did not seek review of his original conviction and sentence.

¶3        Sanchez started probation in June 2015. In December, Sanchez's probation officer petitioned to revoke probation. Sanchez admitted to violating a probation term and the court revoked his probation. Consequently, the court revoked Sanchez's probation and sentenced him to consecutive aggravated terms of 8.75 years' imprisonment on each count. Sanchez timely petitioned for post-conviction relief, claiming that: (1) the trial court was without jurisdiction to find him guilty on the charge alleged to have occurred in 1998, as the statute of limitations in effect when the crime occurred had run; (2) he was illegally charged and convicted of "dangerous crimes against children" under A.R.S. § 13–604.01, because he pled to attempted sexual conduct; (3) the trial court had no subject matter jurisdiction to convict him of attempted sexual conduct with a minor and to sentence him accordingly; and (4) he was not properly notified of the charges. The trial court summarily dismissed his petition.[1]

¶4        Sanchez reiterates his claims in his petition for review. "An appellate court will reverse a trial court's summary dismissal [of a petition for post-conviction relief] only if an abuse of discretion affirmatively appears." *State v. Bowers*, 192 Ariz. 419, 422 ¶ 10 (App. 1998).

¶5        Sanchez signed and entered a plea in this case indicating that he waived and gave up "any and all motions, *defenses*, objections, or requests which HE *has made or raised*, or could assert hereafter, to the court's entry of judgment against HIM and imposition of a sentence upon HIM consistent with this agreement." (emphasis added). Before entering a plea,

---

[1]        The trial court corrected the dates of offense to correspond to their respective counts.

Sanchez's attorney had moved to dismiss the 1998 count based upon the expiration of the statute of limitations, and the court had denied the motion. Therefore, under the plea agreement's terms, he waived that defense. *See State v. Banda*, 232 Ariz. 582 (App. 2013) (entry of plea waives statute of limitations defense and does not implicate court's subject matter jurisdiction). He did not otherwise challenge the plea agreement at the time of his original plea and disposition, and thus any challenge is untimely and otherwise precluded. *See* Ariz. R. Crim. P. 32.4(a), 32.2(a).[2]

¶6        Sanchez's claim that he could not be convicted of a dangerous crime against children because he pled to an "attempt" is also without merit. The trial court and State acknowledged at his disposition that pursuant to *State v. Gonzales*, 216 Ariz. 11 (App. 2007), Sanchez could be sentenced only to the appropriate ranges for class 3 felonies in the general sentencing statute—not the sentencing scheme for dangerous crimes against children. *See* A.R.S. § 13–702. Sanchez was sentenced accordingly. As the State argued in its response, *State v. Goddard*, 227 Ariz. 593 (App. 2011) makes it clear that Sanchez was appropriately convicted of a "dangerous crime against children." *Goddard* also indicates that the trial court had no authority to remove the designation at disposition. *See id.* at 594 n.3 ¶ 4. Therefore, his claim has no merit.

¶7        Any claim that the court had no subject matter jurisdiction based upon the same grounds has no merit. *See State v. Bryant*, 219 Ariz. 514, 517 ¶¶ 14–17 (App. 2008) (an illegal sentence is not a lack of subject matter jurisdiction error). To the extent he is now claiming that attempted sexual conduct with a minor "did not exist in 1998 or 2007," he offers no convincing authority in support of the argument. Additionally, his claim of insufficient notice that he was charged with "dangerous crimes against children" is untimely and precluded. *See* Ariz. R. Crim. P. 32.4(a), 32.2(a).

---

[2]        Because Sanchez waived the defense, this Court need not determine whether the time-period had expired. We note, however, that because the seven-year statute of limitations period relating to crimes under chapter 14 was abolished in 2001, and now provides for prosecution "at any time," Sanchez's claim fails. *See* A.R.S. § 13–107(A) (as amended 2001); *State v. Gum*, 214 Ariz. 397 (App. 2007) (applying amendment to unexpired limitations period did not violate ex post facto principles or implicate substantive rights); *see also State v. Aguilar*, 218 Ariz. 25, 31 ¶ 23 (App. 2008) (finding the result and reasoning in *Gum* consistent with retroactivity principles recognized in Arizona and elsewhere).

¶8        Accordingly, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA